## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BRIDGET SIMPSON, individually and on
behalf of all other similarly situated,

        Plaintiff,

   v.

WALGREEN CO.;
SUMTER EASY HOME LLC;
NINGBO (USA) HOME-LINK PLASTIC
PRODUCT MFG., LTD.,

        Defendants.

Case No. 1:23-cv-16465

Judge Valderrama

## DEFENDANTS' MOTION TO DISMISS

Respectfully submitted,

**WALGREEN CO., SUMTER EASY HOME
LLC, AND NINGBO (USA) HOME-LINK
PLASTIC PRODUCT MFG., LTD.**

*/s/ Peter S. Roeser*
One of their attorneys

**ROESER TANNER & GRAHAM LLC**
Peter S. Roeser | Matthew D. Tanner
2 North Riverside Plaza, Suite 1850
Chicago, IL 60606
(312) 621-0303 | proeser@rtglaw.com

**CONNER & WINTERS LLP**
Todd P. Lewis | Jorge J. Rodriguez
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
(479) 582-5711 | tlewis@cwlaw.com

**CONTENTS**

INTRODUCTION ................................................................................................................... 1

SUMMARY OF THE ALLEGATIONS ................................................................................ 1

ARGUMENT ......................................................................................................................... 3

    I.    Plaintiff's California Statutory Claims Fail (Count 1-4) ........................................... 3

         A.    The CLRA, FAL and UCL Claims (Counts 1, 2 and 3) Fail Under the "Reasonable Consumer" Standard ................................................................... 3

         B.    Plaintiff's CLRA Claim (Count 1) Should Also Be Dismissed Because She Failed To Comply With the Statutory Notice Requirements ............................ 6

         C.    Plaintiff Fails to State a Claim for Breach of Implied Warranty (Count 4) .................... 7

    II.    Plaintiff's California Common Law Claims Fail (Counts 5-8) ................................. 9

         A.    Common Law Fraud (Count 5) ............................................................................ 9

         B.    Unjust Enrichment/Quasi Contract (Count 6) ................................................... 11

         C.    Intentional Misrepresentation (Count 7) ........................................................... 12

         D.    Negligent Misrepresentation (Count 8) ............................................................. 12

    III.    Plaintiff Lacks Article III Standing to Seek Injunctive Relief ................................ 14

CONCLUSION .................................................................................................................... 16

## INTRODUCTION

Defendants Walgreen Co., Sumter Easy Home LLC, and Ningbo (USA) Home-Link Plastic Product Mfg., Ltd. move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P. The plaintiff claims she purchased plastic cutlery that was labeled as both "DISHWASHER SAFE" and "DISHWASHER SAFE IF CLEANED ON THE TOP RACK." After washing the plastics in the *bottom rack,* she claims to have been "shocked" to discover that these products were only dishwasher safe if washed in the top rack. She brings this putative class action on the grounds that she (and allegedly others) were deceived into believing these plastic products were safe for use in the bottom rack. In her Complaint, she asserts four statutory claims and four common law claims under California law. As set forth below, each of her individual claims fail as a matter of law and should be dismissed. In addition, plaintiff lacks standing to seek injunctive relief, and her request for that relief should be stricken.

Concurrently with this motion, defendants have filed a motion to strike the nationwide class allegations on the ground that her claims cannot meet the standards under Federal Rule of Civil Procedure for class certification.

## SUMMARY OF THE ALLEGATIONS

This case concerns the labeling of defendants' Complete Home plastic cutlery products (*e.g.,* plastic forks, knives, and spoons) that are sold throughout the United States. Plaintiff, a California resident, challenges the statement on the label that says, "dishwasher safe."

Plaintiff alleges that she purchased the plastic cutlery product at her local Walgreen's store in California and that the plastic products were damaged after she washed them in the bottom rack of her dishwasher. R. 1 ¶ 8. The label of the front and back of package of Complete Home heavy duty flatware contained the phrase "dishwasher safe" in capitalized letters. *Id.* According to plaintiff, the products "are not dishwasher safe because they can only be safely washed on the ***top rack*** of the

dishwasher." *Id.* ¶3 (emphasis in original); *id.* at ¶4 (the products "can only be safely washed on the **top rack** of the dishwasher") (emphasis in original).

Absent from the label—indeed absent from plaintiff's allegations altogether—is any claim or statement by defendants that the plastic cutlery is dishwasher safe if cleaned in the bottom rack of a dishwasher. *See* Ex. 1. In fact, the product label says just the opposite. *Id.* ¶ 28. The bottom of the product label—as alleged by plaintiff in her complaint—states in all capital letters: "DISHWASHER SAFE IF CLEANED ON THE **TOP RACK**." *Id.* ¶ 28 (bold added); *see also* ¶ 4 (alleging that defendants "admit that the [p]roducts are only dishwasher safe if cleaned on the top rack"). Below is the "dishwasher safe if cleaned on the top rack" language from the package:



*See also id.* at ¶ 28.

Plaintiff does not allege that she was unaware of the "top rack" only language, either at the time she purchased the product or at the time she placed it in her dishwasher. She nevertheless alleges that she washed the plastic cutlery in the bottom rack of her dishwasher and was shocked to discover the plastic cutlery was damaged. *Id* ¶ 10. Her claim centers on her belief that she (and others) were misled into believing the plastic cutlery could be washed in the bottom rack of the dishwasher. *Id.* at ¶¶ 2-6, 24-28.

-2-

Plaintiff is pursuing claims under (1) California's Consumers Legal Remedies Act ("CLRA"); (2) California's False Advertising Law ("FAL"); (3) California's Unfair Competition Law ("UCL"); (4) California's Implied Warranty of Merchantability statute; (5) Common law fraud; (6) Quasi Contract/Unjust Enrichment/ Restitution; (7) Intentional Misrepresentation; and (8) Negligent Misrepresentation. She seeks declaratory and injunctive relief, statutory damages, other monetary damages, "equitable monetary relief," punitive or exemplary damages, costs and attorneys' fees, and pre- and post-judgment interest. R. 1 at 22.

## ARGUMENT

### I. Plaintiff's California Statutory Claims Fail (Count 1-4)

#### A. The CLRA, FAL and UCL Claims (Counts 1, 2 and 3) Fail Under the "Reasonable Consumer" Standard

Each of plaintiff's claims under California's CLRA, FAL, and UCL should be dismissed because it is not plausible, under the allegations in the complaint, that a significant portion of reasonable consumers would be deceived. *McGinity v. Procter & Gamble Co.,* 69 F.4th 1093, 1097 (9th Cir. 2023) (plaintiff must show a probability that a significant portion of consumers would be deceived in order to state a claim).

As an initial matter, all three of these California claims are subject to the same viability standard. *See Chuang v. Dr. Pepper Snapple Grp., Inc.*, CV1701875, 2017 WL 4286577 *3 (C.D. Cal. Sept. 20, 2017). In *Chuang*, the court recognized that "[a]lthough there are important differences between the UCL, FAL, and CLRA, to state a viable claim under any of those statutes, Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer." *Chuang v. Dr. Pepper Snapple Grp., Inc.*, CV1701875, 2017 WL 4286577 *3 (C.D. Cal. Sept. 20, 2017). "That standard requires that [plaintiff] show that members of the public are likely to be deceived." *McGinity v. Procter & Gamble Co.,* 69 F.4th 1093, 1097 (9th Cir. 2023).

The reasonable consumer standard requires *more than a mere possibility* that the label

might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard *requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled*. The touchstone under the "reasonable consumer" test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers.

*Id.* (quotation marks and citations omitted; emphasis added).

Plaintiff's complaint fails this test: It is simply not plausible that a "significant portion" of plastic flatware buyers (or even the subset who would be interested in washing the pieces in the dishwasher rather than disposing of them after use), acting reasonably, would purchase inexpensive plastic flatware with "dishwasher safe if cleaned on the top rack" in all-capital letters and somehow be deceived into believing the product was necessarily dishwasher-safe on the bottom rack.[1]

For this reason alone, plaintiff's claims under California's CLRA, FAL and UCL should be dismissed.

The box label stating "dishwasher safe" is, at most, ambiguous. This is *not* a statement that the product can be washed on the bottom rack of a dishwasher, nor that it can be washed on either rack. And where an ambiguous statement is clarified by more specific information on the same product package, it is not actionable under the CRLA, the UCL, or the FAL. *McGinity,* 69 F.4th 1093, 1099 ("We hold that when, as here, a front label is ambiguous, the ambiguity can be resolved by reference

---

[1] Plaintiff's complaint specifically references the geappliances.com website to support her allegations about proper dishwasher loading. R. 1 n.1, 3 & 5. That same website explains that "dishwasher-safe plastics" go in the top rack of the dishwasher. Tips for Loading a GE Dishwasher | GE Appliances. GE is not alone in this regard: Owner's Manual (kitchenaid.com) ("Place plastics . . . in the upper rack. Wash only plastic items marked 'dishwasher safe'"). *See also* Bosch owner's manual and Maytag Quick Start Guide linked in the complaint, R. 1 n.5, Bosch 300 Series 24" Front Control Smart Built-In Stainless Steel Tub Dishwasher with 3rd Rack and AquaStop Plus, 46dBA Stainless Steel SHE53B75UC - Best Buy (owner's manual: "Arrange . . . small tableware items in the top rack"); Stainless steel tub dishwasher with Dual Power Filtration Fingerprint Resistant Stainless Steel MDB4949SKZ (Maytag Quick Start guide: "Place plastic items . . . in the upper dish racks"); *Things You Should Never Put in a Dishwasher - Consumer Reports* ("if the manufacturer says the plastic is dishwasher-safe, place it on the top rack—away from the heating element") (all sites last visited Jan. 24, 2024).

-4-

to the back label"). This is exactly what the package does; it clarifies that the product is "dishwasher safe" if it is "cleaned on the top rack."

In *McGinity*, plaintiff sued under all three California consumer protection laws, alleging that hair care products labeled "Nature Fusion" were deceptively labeled because they contained synthetic ingredients; the products' back labels provided a list of ingredients including those that the plaintiff alleged were synthetic. 69 F.4th at 1096, 1099.

The Ninth Circuit affirmed the district court's dismissal based upon plaintiff's failure to "allege sufficient facts to show that a reasonable consumer would be deceived by P&G's labeling." *Id.* at 1096. The court found "some ambiguity as to what 'Nature Fusion' means in the context of its packaging," potentially meaning that it contained solely a mixture of natural ingredients, and potentially meaning that it was "a mixture of both natural and synthetic ingredients." *Id.* at 1097.

The court ruled that "[w]hether a back label ingredients list can ameliorate any tendency of a label to mislead depends on whether the back label ingredients list conflicts with or confirms a front label claim." *Id.* at 1098 (cleaned up). It ruled that "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id.*

Because the "Nature Fusion" language on the front label "does not promise that the product is wholly natural . . . [t]he ingredients list, which . . . clarifies that . . . the products thus contain both natural and synthetic ingredients" resolved any potential ambiguity. *Id.* at 1098-99. This meant that plaintiff's action could not proceed. "We hold that where, as here, a front label is ambiguous, the ambiguity can be resolved by reference to the back label." *Id.* at 1099 (affirming dismissal).[2]

_____

[2] *McGinity* relied on the Ninth Circuit's earlier case of *Moore v. Trader Joe's Co.,* 4 F.4th 874 (9th Cir. 2021),

Like the packaging in *McGinity,* the packaging for the plastic cutlery at issue here clarifies any potential ambiguity with the term "dishwasher safe" by the additional all-caps statement "dishwasher safe if cleaned on the top rack" which plaintiff admits was contained on the package. In addition, plaintiff makes no allegation that the package states unambiguously that the product is bottom-rack safe (because it contains no such statement).

In sum, plaintiff's allegations do not satisfy the requirement of "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *McGinity* at 1097. Her claims under the CLRA, the FAL and the UCL should therefore be dismissed with prejudice.

## B. Plaintiff's CLRA Claim (Count 1) Should Also Be Dismissed Because She Failed to Comply With the Statutory Notice Requirements

Plaintiff's CLRA claim should be dismissed for the additional reason that plaintiff failed to comply with the CLRA pre-suit notice requirement. Under California law, failure to strictly comply with the notice requirements is an independent ground for dismissal. *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1201 (S.D. Cal. 2021) (holding that plaintiff's service of notice to defendant's registered agent in Delaware and not its principal place of business in California warranted dismissal*).*

Section 1782 of the CLRA states that before seeking damages, the plaintiff must notify the person alleged to have committed the unlawful acts and that "[t]he notice shall be in writing and

---

where it held that the phrase "100% New Zealand Manuka Honey" was ambiguous, in that "it could mean, as examples, that the Manuka flower was the only source of the honey, that the Manuka flower was the primary source of the honey, or that 100% of the honey was from New Zealand." *McGinity* at 1097, citing *Trader Joe's,* 4 F.4th at 882; ("We agreed with the district court's conclusion that other available information about Trader Joe's Manuka Honey would dissuade a reasonable consumer from thinking that the product was derived only from Manuka flower nectar").

shall be sent by certified or registered mail ... to the place where the transaction occurred or to the person's principal place of business within California." Cal. Civ. Code § 1782. Courts require strict compliance with the pre-suit notice requirements, and a plaintiff's failure to follow the clear text of the statute and to send notice to the proper place is an independently sufficient ground for granting a motion to dismiss. [3] *See Corbett*, 567 F. Supp. 3d at 1201 (serving notice to registered agent outside of California did not comply and warranted dismissal).

Plaintiff did not comply with the notice requirements. First, she makes no allegation of sending any pre-suit notice to Sumter or Ningbo. Instead, plaintiff merely alleges those defendants acknowledged having received it. This does not suffice: strict compliance is required even where the defendant received actual notice. *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (holding that actual notice is not sufficient but rather strict compliance with the statute is necessary). Accordingly, the claim should be dismissed as to Sumter and Ningbo.

As for plaintiff's alleged pre-suit notice to Walgreens, she again did not comply with the statute. She failed to allege that she mailed to notice to "the place where the transaction occurred or to the person's principal place of business within California." Cal. Civ. Code §1782. She makes no such allegation because she sent the "notice" letter (*see* Ex. 1 hereto) to Walgreen in Illinois and to Walgreen's registered agent in California. Thus she cannot plead compliance with the statute, and her claim fails.

For these additional reasons, plaintiff's CLRA claim should be dismissed.

### C. Plaintiff Fails to State a Claim for Breach of Implied Warranty (Count 4)

Plaintiff brings a claim for breach of an implied warranty of merchantability pursuant to

---

[3] While failure to provide the notice does not preclude injunctive relief under § 1782, injunctive relief is unavailable to the plaintiff because she has no standing. *See* Argument III, below.

California Commercial Code § 2314(2)(f). Under this statute, a product fails to meet this warranty when it fails to "conform to the promises or affirmations of fact made on the container or label . . ." *Strumlauf v. Starbucks Corp.,* 192 F. Supp. 3d 1025, 1032 (N.D. Cal. 2016), quoting Cal. Comm. Code § 2314(2)(f)). R. 1 ¶ 95.[4]

Plaintiff alleges that through its packaging, "Defendants made an implied promise that the Products are dishwasher safe," but alleges that they "are not dishwasher safe" when used in the bottom rack. *Id.* ¶¶ 3-4, 97.

As with her claims under the CLRA, the FAL and the UCL, plaintiff has not identified any "promises or affirmations of fact" to which the product does not conform, and this is fatal to her warranty claim.[5] In *Martinez v. Mead Johnson & Co., LLC,* 522C00213, 2022 WL 15053334 *6 (C.D. Cal. Oct. 22, 2022), plaintiff sought to bring warranty claims (including implied warranty) based "on the idea that a 'Milk-based' product means that milk must constitute the primary ingredient by weight." Finding that plaintiff had failed to allege "sufficient facts to make that interpretation plausible," the warranty claims were dismissed.

Likewise here: the package's statement that the plastic cutlery was "dishwasher safe" is not even alleged to be false; plaintiff's claim, of course, is that it was not safe for use in the dishwasher's bottom rack, something that the package never claimed. Rather, the package clearly states the opposite—that it was "dishwasher safe if cleaned on the top rack." Plaintiff's implied warranty claim

---

[4] An implied warranty of merchantability claim under California law can also encompass a product that "did not possess even the most basic degree of fitness for ordinary use," *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,* 992 F. Supp. 962, 969 (C.D. Cal. 2014), but that is clearly not what plaintiff is alleging here.

[5] In all events, implied warranty claims under California law require vertical privity (with exceptions not applicable here); thus plaintiff's effort to pursue such a claim against Sumter or Ningbo should be dismissed on that basis alone. *Collyer v. Catalina Snacks,* 23C296, 2024 WL 202976 *7 (N.D. Cal. Jan. 18, 2024).

should therefore be dismissed with prejudice.

## II. Plaintiff's California Common Law Claims Fail (Counts 5-8)

Plaintiff asserts four common law claims—common law fraud, unjust enrichment, intentional misrepresentation, and negligent misrepresentation—all of which fail. As discussed in Defendants' Motion to Strike the Nationwide Class Claims, filed concurrently with this motion, the common law claims are subject to the law of the place in which the products were purchased, in this case, California law. *Tanner v. Jupiter Realty Corp.,* 433 F.3d 913, 915 (7th Cir. 2006) (district court in diversity "must apply the choice of law principles of the forum state to determine which state's substantive law governs the proceeding"); *Daly v. Glanbia Performance Nutrition, Inc.,* 23C933, 2023 WL 5647232 *3 (N.D. Ill. Aug. 31, 2023) (applying the law of the place of purchase). Here plaintiff alleges she resides in California and both purchased her product and suffered injury in California. Thus, California law applies to her common law claims.

### A. Common Law Fraud (Count 5)

The elements of fraud under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Khan v. CitiMortgage, Inc.,* 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. There must be a showing that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation and that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Id.* (quotation marks and citations omitted).

"Heightened pleading requirements apply to complaints alleging fraud. Federal Rule of Civil Procedure 9(b) provides that a party alleging fraud or mistake 'must state with particularity the

circumstances constituting fraud or mistake,' although '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.' This generally means 'describing the 'who, what, when, where, and how' of the fraud.' *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)." *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019).

Plaintiff here alleges that defendants (which ones she does not say) made a representation "that the Products are dishwasher safe when they are not" and "failed to adequately disclose that the Products are not dishwasher safe . . . ." R. 1 ¶¶ 103-04. She claims the defendants (again, without specifying which) "knew or recklessly disregarded the fact that the Products are not dishwasher safe." *Id.* ¶ 106.

"To survive dismissal, plaintiffs must state with particularity which defendant made the fraudulent statement and how that amounted to fraud." *Magnuson v. Window Rock Residential Recovery Fund, L.P.*, 22C1010, 2023 WL 8090727 *6 (N.D. Ill. Nov. 21, 2023). *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (complaint that "lumps all the defendants together and does not specify who was involved in what activity" fails to satisfy the Rule 9(b) standard).

More fundamentally, plaintiff does not allege even the *existence* of a false statement or material omission. Her assertion that defendants "indicat[ed] that the Products are dishwasher safe" is not supported by *any* factual statement by plaintiff that they are not dishwasher safe. Even granting all inferences in plaintiff's favor and treating as true the allegation that the Products are not lower-rack-safe, these defendants never claimed they were. This much is clear from even a cursory review of the Products' label found in paragraph 28 of plaintiff's own Complaint. The only representation of fact made by defendants was that the Products are "dishwasher safe if cleaned on the top rack."

Plaintiff's assertion that defendants "failed to adequately disclose that the Products are not dishwasher safe" also fails. First, the package (as affirmatively pled by plaintiff, R. 1 ¶ 28) discloses in

all-capital letters that they are dishwasher safe "if cleaned on the top rack." Plaintiff does not allege that this is false. And we note once more that plaintiff does not even allege that she was unaware of this language when she purchased the Products, or when she placed them in the bottom rack of her dishwasher.

In sum, there was no misrepresentation on the Product's packaging that it was dishwasher safe if washed in the bottom rack, nor was there a failure to disclose (instead, there was a disclosure stating the opposite). Nor can there be justifiable reliance on a non-existent misrepresentation or omission. Plaintiff has not stated and cannot state a claim for fraud. Count Five should therefore be dismissed with prejudice.

### B. Unjust Enrichment/Quasi Contract (Count 6)

Under California law, "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). Where there is "no actionable wrong, there is no basis for the relief." *Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1307 (2011).

"A quasi-contract claim requires the plaintiff to show (1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *Veasman v. Nuance Commc'ns, Inc.*, 221CV08423, 2022 WL 2964411 *8 (C.D. Cal. June 29, 2022). "Thus, restitution generally requires that a defendant has been *unjustly* conferred a benefit through mistake, fraud, coercion, or request." *Russell v. Walmart, Inc.*, 22-CV-02813, 2023 WL 4341460 *2 (N.D. Cal. July 5, 2023), quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis by the *Russell* court).

Plaintiff fails to allege any *unjust* benefit conferred upon any defendant. The packaging, as shown in paragraph 28 of plaintiff's own complaint, demonstrates that no defendant ever represented that the plastic flatware was bottom-rack safe, and that the package in fact affirmatively

represented that the flatware was "dishwasher safe if cleaned on the top rack." There is no allegation that this was not correct. Accordingly, there is no plausible allegation that any defendant obtained a benefit that was unjust, and Count Six should be dismissed with prejudice.

### C. Intentional Misrepresentation (Count 7)

Intentional misrepresentation is the same thing as common law fraud. *Naimi v. Starbucks Corp.*, LACV176484, 2018 WL 11255596 *10 (C.D. Cal. Feb. 28, 2018) ("Intentional misrepresentation claims require the same elements as fraud claims under . . . California law"). Accordingly, the intentional misrepresentation claim should be dismissed for the reasons stated in subsection II(A) above, or in any event dismissed as duplicative. *See Richards v. Centripetal Networks, Inc.,* 23C145, 2024 WL 24327 *6 (Jan 2, 2024) (dismissing general negligence claim as duplicative of negligent misrepresentation claim); *Keeling v. Lake Cnty.*, 23C3442, 2024 WL 197210 *7 (N.D. Ill. Jan. 18, 2024) (dismissing claim as "duplicative and unnecessary").

### D. Negligent Misrepresentation (Count 8)

"The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014).

Plaintiff's allegations cannot even clear the first two elements. There was no misrepresentation of fact—the only "representations" at issue are (i) that the plastic flatware is dishwasher-safe (something that is never factually pled by plaintiff to be false); and (ii) that the plastic flatware is dishwasher safe "if cleaned on the top rack," which plaintiff has never alleged is untrue. Defendants never represented—and are not alleged to have represented—that the flatware was "bottom-rack dishwasher safe." Regarding the third element, as set forth in subsection II(A) above, Plaintiff's complaint further fails to show there was justifiable reliance on a non-existent misrepresentation.

-12-

Plaintiff's claim is also barred by the economic loss rule. "The economic loss rule provides that '[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.' *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The rule 'bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage).' *North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764, 777 (1997)." *Schippell v. Johnson & Johnson Consumer Inc.*, EDCV23410, 2023 WL 6178485 *14 (C.D. Cal. Aug. 7, 2023).

Plaintiff's disappointed expectations (construed most generously, "I thought these were bottom-rack dishwasher safe but they weren't") do not support a negligent misrepresentation claim in light of the economic loss rule. In *Schippell*, plaintiff asserted that defendant's skin-care products were deceptively marketed as being specifically for use on babies, but were in fact the same products as those marketed for adult use, and that the "baby" products were offered at an inflated price to consumers who believed they were buying something specifically formulated for babies' skin.

The court dismissed *Schippell*'s negligent misrepresentation claim in light of the economic loss rule. "In *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (2022), *reh'g denied* (June 1, 2022), the California Supreme Court clarified that the economic loss rule 'functions to bar claims in negligence for pure economic losses in deference to a contract between litigating parties' and that tort claims for monetary losses 'are barred when they arise from — or are not independent of — the parties' underlying contracts.' *Id.* at 922-23." *Schippell* *14.[6]

The court continued: "Applying that reasoning to the false advertising context, theories of

---

[6] This prohibition on tort claims for monetary losses applies with equal force to Plaintiff's claim for common law fraud.

injury similar to Plaintiff's are barred by the economic loss rule. *See Costa v. Reliance Vitamin Co.*, 2023 WL 2989039 *6 (N.D. Cal. Apr. 18, 2023) ('Costa's negligent misrepresentation claim and injury arise from the underlying "contract"—the purchase of the allegedly deceptive product—which is barred by the economic loss doctrine.... And while Costa cites cases suggesting that the doctrine does not bar negligent misrepresentation claims, her cases came many years before the California Supreme Court's clear explanation in *Sheen*.'). Plaintiff alleges solely economic loss." *Schippell* *14.

In short: Plaintiff has not even pled the basic elements of negligent misrepresentation, and even if she had, the theory is not available to her under the economic loss rule. That claim should be dismissed with prejudice.

### III. Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Separate and apart from the above pleading deficiencies, because Plaintiff does not face a real and immediate threat of future injury from the product's labeling, she lacks standing to pursue injunctive relief against defendants. Her request for such relief must be dismissed.[7] *See* Complaint (¶ D, Prayer for Relief).

Plaintiff "bears the burden of demonstrating standing for each of [her] claims and requests for relief." *MillerKing, LLC v. DoNotPay, Inc.*, 3:23-CV-863, 2023 WL 8108547 *5 (S.D. Ill. Nov. 17, 2023). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each

---

[7] "To have standing for prospective injunctive relief, a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017), quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "Unlike with damages, a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief: 'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" *Simic* at 738, quoting *Lyons*, 461 U.S. at 95–96. Moreover, the law is clear that the "named plaintiff in a putative class action cannot rely on the likelihood of injury to other class members for standing to seek injunctive relief—she must be subject to an imminent injury herself." *Garza v. Nestle USA, Inc.*, 22C3098, 2023 WL 6141371 *3 (N.D. Ill. Sept. 20, 2023), citing *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004).

claim that they press and for each form of relief they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 431 (2021). "Standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof,'" *Silha v. ACT, Inc.,* 807 F.3d 169, 174 (7th Cir. 2015), quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561 (1992). In evaluating a challenge to subject matter jurisdiction under Rule 12(b)(1), "a court should use *Twombly-Iqbal's* 'plausiblity' requirement . . . ." *Silha,* 807 F.3d at 174.

Here the Plaintiff knows about the allegedly false claim and cannot plead she could be fooled in the future. *Daly v. FitLife Brands, Inc.,* 22C762, 2023 WL 6388112 *4 (N.D. Ill. Sept. 29, 2023) (defendant successfully challenged standing to pursue injunctive relief, arguing that plaintiff "has not adequately alleged that *he* faces the risk of *future* harm," because "Daly now knows all about the allegedly deceptive advertising, and so cannot be hoodwinked in the future." (Emphasis by the Court.) "When a consumer knows about the allegedly false advertising, then that particular consumer is no longer at risk of future harm." *Id; see also Freeman v. MAM USA Corp.,* 528 F. Supp. 3d 849, 857 (N.D. Ill. 2021) (plaintiff-consumer lacks standing to seek injunctive relief, even in a proposed class action, because the plaintiff already knew of the allegedly deceptive advertising); *Daly v. Glanbia Performance Nutrition,* 23C933, 2023 WL 5647232 *5 (N.D. Ill. Aug. 31, 2023) (court dismissed claims for injunctive relief for lack of standing, reasoning that "[c]onsumers cannot seek injunctive relief if they know of an alleged deceptive practice because they are unlikely to incur future harm once they become aware of the fraud").

Plaintiff tries but fails to plead her way around this problem, alleging that she "would likely purchase the Products in the future if she could be assured that the Products were in fact dishwasher safe." R. 1 ¶ 11. She claims there is "doubt in her mind as to the possibility in the future that some of the Products could be dishwasher safe," and that this constitutes "an ongoing injury" to be

-15-

remedied by an injunction. *Id.*

This sort of conjectural pleading does not suffice to establish a "real and immediate threat" permitting a plaintiff to pursue injunctive relief. *Palmer v. Procter & Gamble Co.,* 22C5036, 2023 WL 5852252 *3 (N.D. Ill. Sept. 11, 2023). In *Palmer*, the plaintiff purchased tampons advertised as pure, free of added coloring, and plant-based, and alleged that these claims were false. While she alleged that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition," the Court found "that this allegation is simply too hypothetical to confer standing to pursue injunctive relief," and dismissed plaintiff's request for injunctive relief.[8] *Id.*, citing *Simic*. The Plaintiff here does not have standing.

## CONCLUSION

For all of these reasons, plaintiff's Complaint should be dismissed with prejudice in its entirety.


Dated: February 20, 2024

---

[8] Other courts are in accord. In *Calderon v. Procter & Gamble Co.,* 22C3326, 2023 WL 3627797 *6 (N.D. Ill. May 24, 2023), although the plaintiff "assert[ed] that she 'could and would buy Pure Zzzs Melatonin again' if the product was accurately labeled, . . . this does not overcome the fact that she is now aware of P&G's alleged deceptive practices . . . and fails to provide a concrete basis to conclude that the plaintiffs will or must purchase the product again in the future and be deceived." *Id.* (quotation marks omitted). *See also ACLU v. Clapper,* 785 F.3d 787, 800 (2d Cir. 2015) ("The Supreme Court has repeatedly reiterated that the threatened injury must be certainly impending to constitute injury in fact, and that allegations of possible future injury are not sufficient").

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2024, a copy of this pleading was served upon all counsel of record via the Court's electronic docketing system.

/s/ Peter S. Roeser