**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BRIDGET SIMPSON, individually and on behalf of all other similarly situated, | | |
| Plaintiff, | | Case No. 1:23-cv-16465 |
| v. | | Judge Valderrama |
| WALGREEN CO.; SUMTER EASY HOME LLC; NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD., | | |
| Defendants. | | |

**DEFENDANTS' MOTION TO STRIKE**
**NATIONWIDE CLASS ALLEGATIONS**

Respectfully submitted,

**WALGREEN CO., SUMTER EASY HOME LLC, AND NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD.**

/s/ *Peter S. Roeser* _____
One of their attorneys

**ROESER TANNER & GRAHAM LLC**
Peter S. Roeser | Matthew D. Tanner
2 North Riverside Plaza, Suite 1850
Chicago, IL 60606
(312) 621-0303 | proeser@rtglaw.com

**CONNER & WINTERS LLP**
Todd P. Lewis | Jorge J. Rodriguez
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
(479) 582-5711 | tlewis@cwlaw.com

**Table of Contents**

I.    Introduction..............................................................................................................................1

II.   Plaintiff's Complaint and Class Allegations......................................................................2

III.  Legal Standards and Principles ............................................................................................3

IV.  Choice of Law Rules—The Nationwide Class Claims Would Be Governed By
the Substantive Law of Each State in Which the Products Were Purchased ...................5

V.   Each of the Putative Nationwide Class Claims is Subject to Widely Varying
Legal Rules Between Jurisdictions, and Thus Cannot Be Adjudicated
as a Class Action. ...................................................................................................................6

        A.     Common Law Fraud (Count 5) ...........................................................................6

        B.     Unjust Enrichment (Count 6) .............................................................................8

        C.     "Intentional Misrepresentation" (Count 7) .....................................................10

        D.     Negligent Misrepresentation (Count 8) ...........................................................10

VI.  Conclusion...........................................................................................................................11

## I. Introduction

Defendants Walgreen Co., Sumter Easy Home LLC, and Ningbo (USA) Home-Link Plastic Product Mfg., Ltd. bring this motion pursuant to Rule 23, Fed. R. Civ. P., to strike the Nationwide Class allegations in Plaintiff's Class Action Complaint. R. 1. The nationwide class allegations should be stricken as a matter of law because the claims would be subject to the varying laws and rules of all fifty states. The law is clear: "No class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002).

This case concerns the labeling of defendants' Complete Home plastic cutlery (*e.g.*, plastic forks, knives and spoons) that are sold throughout the United States. Plaintiff Bridget Simpson challenges the statement on the label that says "DISHWASHER SAFE." She alleges that the plastic cutlery was damaged after she washed it in the bottom rack of her dishwasher and claims that she, and persons throughout the United States, were misled to believe it could be washed in the bottom rack despite additional language on the label stating "DISHWASHER SAFE IF CLEANED ON THE TOP RACK." Ex. 1 at ¶ 28.

The nationwide class claims include common law fraud (Count 5), unjust enrichment (Count 6), intentional misrepresentation (Count 7) and negligent misrepresentation (Count 8). Those claims would all be decided on the substantive laws of the various states in which consumers purchased the product. *Daly v. Glanbia Performance Nutrition, Inc.,* 23C933, 2023 WL 5647232 *3 (N.D. Ill. Aug. 31, 2023) (applying law of the place of purchase of consumer products). Federal courts throughout this circuit and the country hold that because these claims require application of different state laws— with different forms of proof, varying elements, and different defenses—a nationwide class cannot be certified.

For this reason, defendants respectfully move this Court to strike the nationwide class

allegations of the Complaint. Concurrently with this motion, defendants filed a motion to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[1]

## II.  Plaintiff's Complaint and Class Allegations

Plaintiff, a resident of California, alleges that she purchased plastic cutlery at her local Walgreen's store. Ex. 1 at ¶ 8. Plaintiff alleges that the front and back of the product package of Complete Home heavy duty flatware contained the phrase "dishwasher safe" in capitalized letters. *Id.* She alleges that she relied upon the "dishwasher safe" language in making her purchase, and that she attempted to wash the plastic cutlery in her dishwasher's cutlery basket, located in the dishwasher's bottom rack. *Id.* at ¶¶ 10, 26. She alleges that she was then "shocked" to discover that the plastic cutlery had melted in the dishwasher's cutlery basket. *Id.* at ¶ 10.

Plaintiff further alleges and admits, however, that defendants included language on the bottom panel of the package, also in all capitalized letters, stating "dishwasher safe if cleaned on the top rack." *Id.* at ¶ 28. Below is a representative example of the language from the package:

---

[1] This motion is directed solely to the proposed Nationwide Class, as to which defendants respectfully submit that such a class cannot, as a matter of law, meet the requirements of Rule 23. In the event any of plaintiff's claims survive the pleading stage, defendants reserve the right to conduct class discovery and to oppose certification of any classes on additional grounds. We would anticipate, for example, that factual issues will predominate over common issues such as: who bought the product in reliance on the "dishwasher safe" language without awareness of the "top rack" language? Who intended to, or did, wash these inexpensive plastic forks, spoons, and knives in the dishwasher, as opposing to using once and disposing, or washing by hand? Who placed them in the bottom rack? Who experienced melted or otherwise damaged product as a result of dishwashing?



*See also Id.* at ¶ 28.

Plaintiff's complaint purports to be brought on behalf of three distinct classes: a California Subclass, a California Consumer Subclass, and a Nationwide Class. *Id.* at ¶¶ 41-43. Counts 1 through 4 are brought solely on behalf of the putative California subclasses, and are not the subject of this motion.

Counts 5 through 8 are brought on behalf of the Nationwide Class. In support for her request for a "Nationwide Class" plaintiff alleges that the products are sold by Walgreens "throughout Illinois and nationwide" and that the remaining defendants are likewise responsible for the sale of the products "nationwide." *See* Ex. 1 at ¶¶ 13-15.

### III. Legal Standards and Principles

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Where, as here, "the plaintiff's class allegations are facially and inherently deficient, . . . a motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action."[2] *Buonomo v. Optimum Outcomes, Inc.,* 301 F.R.D. 292, 295 (N.D.

---

[2] "Courts in this District . . . evaluate motions to strike class allegations under Rule 23 . . . ."*Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). *See* Rule 23(d)(1)(D) (court may "issue orders

Ill. 2014) (St. Eve, J.) (ellipses, brackets and quotation marks omitted); *see Kasalo v. Harris & Harris, Ltd.,* 656 F.3d 557, 563 (7th Cir. 2011) (court "need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving class determination").

To proceed on a class basis, a complaint must assert the existence of putative class members whose claims are susceptible to resolution on a class-wide basis. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) (common issue of fact "must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke"). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* quoting *Nagareda, Class Certification in the Age of Aggregate Proof,* 84 N.Y.U.L.Rev. 97, 131-32 (2009) (emphasis in original; ellipses by the Court).

As set forth below, the face of the Complaint establishes that none of the common law claims can proceed on a nationwide class basis because they will be subject to the varying laws of the fifty states. Federal courts throughout the country reject nationwide class certification where, as here, the claims are based on varying state laws. *See Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming striking of class allegations where purported class members' claims "are governed by different States' laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that generally will preclude class certification"); *Elson v. Black,* 56 F.4th 1002, 1007 (5th Cir. 2023) (affirming district court order striking nationwide class allegations in complaint alleging misleading marketing of consumer

that … require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly").

-4-

product: "variations in state law here swamp any common issues and defeat predominance"); *Jones v. BRG Sports, Inc.*, 18C7250, 2019 WL 3554374, at *4 (N.D. Ill. Aug. 1, 2019) (where proposed multi-state class called for application of 18 different states' laws, "motion to strike class allegations must be granted because the complaint demonstrates, on its face, that allowing this case to proceed as a putative class action would be futile").

## IV. Choice of Law Rules—The Nationwide Class Claims Would Be Governed By the Substantive Law of Each State in Which the Products Were Purchased

A nationwide class is inappropriate here because, applying Illinois choice of law rules, each litigant's claims would be governed by the law of the state where he or she purchased the plastic forks, knives and spoons. In this case, that means application of the law of every state in the country.

Federal courts in Illinois use Illinois' choice of law rules to determine the applicable substantive law. *See Tanner v. Jupiter Realty Corp.,* 433 F.3d 913, 915 (7th Cir. 2006) (district court in diversity "must apply the choice of law principles of the forum state to determine which state's substantive law governs the proceeding"). For tort actions, "Illinois instructs the court to ascertain the forum with the 'most significant relationship' to the case." *Id.* at 915-16. "Under this test, the court examines (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered." *Daly v. Glanbia Performance Nutrition, Inc.,* 23C933, 2023 WL 5647232 *3 (N.D. Ill. Aug. 31, 2023) (citations omitted).

Under Illinois choice of law rules, each of plaintiff's nationwide class claims would be determined by the law of the state in which each consumer purchased the product. *Id.* Recently, in *Glanbia Performance, supra*, the court stated that "Unless another state has a more significant relationship to the parties or the occurrence, the law of the place of injury controls. **For consumer-products cases like this one, that typically means that the law of the place of purchase**

-5-

**controls**." *Id.* (citations omitted; emphasis supplied). Courts in this district are in accord with the application of the law of the place of purchase. *See Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 585 (N.D. Ill. 2008) where alleged misrepresentation was made and relied upon at the place of purchase, "the place of each class member's gas purchase govern[s] that class member's claims") (denying class certification), *aff'd*, 612 F.3d 932 (7th Cir. 2010).

**V. Each of the Putative Nationwide Class Claims is Subject to Widely Varying Legal Rules Between Jurisdictions, and Thus Cannot Be Adjudicated as a Class Action.**

"No class action is proper unless all litigants are governed by the same legal rules. Otherwise the class cannot satisfy the commonality and superiority requirements of Fed.R.Civ.P. 23(a), (b)(3)." *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002); *see also id.* at 1018 (where "claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable"). Accordingly, district courts have repeatedly held that where—as here—proposed causes of action would be governed by widely varying common-law rules of every state from which a litigant purchased the consumer product in question, a nationwide class cannot be certified.

This prohibition applies to each of plaintiff's claims being asserted on behalf of the putative Nationwide Class.

**A. Common Law Fraud (Count 5)**

In *Glanbia Performance, supra* *4, the court concluded that a nationwide class for common-law fraud claims (on behalf of purchasers of protein bars with allegedly false labeling) "would be unmanageable," and struck the nationwide class allegations. *See also Kubilius v. Barilla America, Inc.,* 18C6656, 2019 WL 2861886, *3 (N.D. Ill. July 2, 2019) (striking nationwide class allegations for common law fraud); *Tylka v. Gerber Products Co.,* 178 F.R.D. 493, 498 (N.D. Ill. 1998) (refusing to certify nationwide class for common law fraud claims, holding that "individual issues of law

predominate which preclude certification of a nationwide class seeking redress under the various states' . . . common law fraud causes of action"); *Woodard v. Labrada*, EDCV16189, 2021 WL 4499184 *40 (C.D. Cal. Aug. 31, 2021) ("individual issues preclude certification of a nationwide class alleging claims under the various states' common law of fraud and negligent misrepresentation").

The legal differences for common law fraud claims from state to state "include . . . differences in standards of liability for . . . common law omission claims; differences in standards for a duty to disclose; differences in standards for showing knowledge of the facts allegedly omitted; differences in standards for intent; differences in standards of reliance; differences in standing requirements; differences in notice requirements; differences in statutes of limitations; and different standards for compensatory and punitive damages." *Miller v. Gen. Motors Corp.*, 98C2851, 2003 WL 168626, at *2 (N.D. Ill. Jan. 26, 2003). *See also Palomar v. SMC Corp. of Am.,* 119C04693, 2021 WL 5364150 *7 (S.D. Ind. Sept. 27, 2021) (denying certification of proposed nationwide class "subject to the fraud laws of multiple states" because "the variations in state laws would overwhelm the common factual issues"); *id.* (noting variations in limitations periods and standards of proof, citing cases); *In re Homeadvisor, Inc. Litigation,* 16C01849, 2024 WL 115126 *18 (D. Colo. Jan. 10, 2024) ("there are differences among state fraud laws with respect to burden of proof, whether reliance must be reasonable, and whether a plaintiff must prove defendants' knowledge of the falsity of the statement ('scienter')"); *id.* (plaintiff's proposal to break its nationwide class into subgroups "do[es] not account for the significant variation in states' fraud laws").[3]

Plaintiff's Nationwide Class allegations related to common law fraud should be stricken.

---

[3] The *Homeadvisor* court noted differences between jurisdictions including whether reliance can be presumed/inferred or must be affirmatively proved, and that "[a]ffirmatively proving reliance is a very individualized inquiry, the kind that would predominate over other common questions in a class action." *18 (citing cases).

### B. Unjust Enrichment (Count 6)

As with common law fraud, the requirements for (and even viability of) a claim of unjust enrichment vary widely by jurisdiction.

In *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 501 (S.D. Ill. 1999), the court denied class certification for a multi-state class asserting unjust enrichment, and seeking disgorgement and damages, finding such a claim "is packed with individual issues and would be unmanageable."

> "[V]ariances exist in state common laws of unjust enrichment. The actual definition of 'unjust enrichment' varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud. *See Johnson v. American Nat'l Ins. Co.,* 126 Ariz. 219, 613 P.2d 1275 (Ariz.App.1980). Other states only allow a claim of unjust enrichment when no adequate legal remedy exists. *Cantor Fitzgerald, L.P. v. Cantor,* 724 A.2d 571 (Del.Ch.1998). Many states, but not all, permit an equitable defense of unclean hands. Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense. *See Polverari v. Peatt,* 29 Conn.App. 191, 614 A.2d 484, 490 (1992) (requiring that the defendant demonstrate that the plaintiff engaged in "willful misconduct"); *Dennett v. Kuenzli,* 130 Idaho 21, 936 P.2d 219, 225 (1997) (A court may deny a plaintiff equitable relief if the plaintiff's "conduct has been inequitable, unfair and dishonest, or fraudulent and deceitful as to the controversy at issue.").

*Id. See also Harvell v. Goodyear Tire and Rubber Co.,* 164 P.3d 1028, 1036 (Okla. 2006) (elements of unjust enrichment "differ markedly from state to state"); *DCB Construction Co. Inc. v. Central City Development Co.,* 965 P.2d 115, 119 (Colo. 1998) (under Colorado law, must show improper, deceitful or misleading conduct); *Anderson v. DeLisle,* 352 N.W.2d 794, 796 (Minn. App. 1984) (under Minnesota law, claim allowed where enrichment was "morally wrong"); *Schock v. Nash,* 732 A.2d 217, 232 (Del. 1999) (under Delaware law, "Restitution is permitted even when the defendant retaining the benefit is not a wrongdoer"); *Thompson v. Bayer Corp.,* 4:07C00027, 2009 WL 362982 *4 (E.D. Ark. Feb. 12, 2009) (under Arkansas law, plaintiff need not "prove any misconduct" by defendant to recover); *Vanzant v. Hill's Pet Nutrition, Inc.,* 934 F.3d 730, 739 (7th Cir. 2019) (under Illinois law, "unjust enrichment is not a separate cause of action"); *De Havilland v. FX Networks, LLC,* 21 Cal.

-8-

App. 5th 845, 870 (2018) (unjust enrichment "not a cause of action" under California law).

In *In re Homeadvisor, Inc. Litigation,* 16C1849, 2024 WL 115126 *18 (D. Colo. Jan. 10, 2024), the court found that "differences in state unjust enrichment laws would present significant manageability issues because the differences in state laws would swamp any common legal issues and defeat predominance" (denying certification of nationwide class). In *Confer v. Milwaukee Tool Corp.,* 23C2028, 2023 WL 8474543 *8 (D. Kan. Dec. 7, 2023), the court denied certification for a proposed class of tool purchasers in all 50 states, the District of Columbia and 16 territories, noting that "federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment." *See also id.* *8 n.13 (noting differences including but not limited to "whether a plaintiff conferred a benefit *directly* on defendants, whether the type of alleged misconduct satisfies a particular state law, whether a plaintiff complied with different statutes of limitations and whether plaintiffs may maintain an unjust enrichment claim if they have another available remedy at law"); *Cruz v. Lawson Software, Inc.,* 08C5900, 2010 WL 890038 *6 (D. Minn. Jan. 5, 2010) (denying certification of proposed 43-state class; "[c]learly, there are material conflicts among many of the unjust enrichment laws of the various states in which putative class members reside"); *id.* *10 ("potential application of the laws of forty-three different states would create a morass of individual legal and factual determinations that would defeat the predominance requirement"); *Valli v. Avis Budget Rental Car Group, LLC,* 14C6072, 2023 WL 6579150 *8 (D.N.J. Oct. 10, 2023) (denying certification of proposed nationwide class for unjust enrichment: "predominance is not satisfied as to the unjust enrichment claim for Plaintiffs' proposed nationwide class due to the conflicts in laws between the states").

Plaintiff's Nationwide Class allegations arising from unjust enrichment/ restitution should be stricken.

### C. "Intentional Misrepresentation" (Count 7)

Intentional misrepresentation is not a distinct tort; it is the same thing as common law fraud. *Berdin v. Allstate Ins. Co.*, 02-22-00426-CV, 2023 WL 7037619, *8 n. 13 (Tex. App. Oct. 26, 2023) (Texas law); *D'Andrea v. Gelok*, CV2200491GCTJB, 2023 WL 6307529, at *6 (D.N.J. Sept. 28, 2023) (New Jersey law); *Gonzalez v. Real Time Resols., Inc.*, 19-CV-297, 2019 WL 7596280, *6 (D.N.H. Oct. 29, 2019) (New Hampshire law); *Maeda v. Pinnacle Foods Inc.*, 390 F. Supp. 3d 1231, 1256 n.11 (D. Haw. 2019) (Hawaii law); *Miller v. Strudwick*, CV GLR-14-2303, 2018 WL 4679730, at *5 n.5 (D. Md. Sept. 28, 2018) (Maryland law); *Naimi v. Starbucks Corp.*, LACV176484, 2018 WL 11255596, at *10 (C.D. Cal. Feb. 28, 2018) (New York and California law); *Gallegos v. Mid–South Mortgage & Inv., Inc.*, 956 So.2d 1055, 1059 (Miss.Ct.App.2007) (Mississippi law); *Walter v. BP Am., Inc.*, CIV.A. 12-177, 2014 WL 1796676, at *35 (E.D. La. May 6, 2014), *aff'd,* 593 F. App'x 405 (5th Cir. 2015) (Louisiana law); *Hayes v. AMCO Ins. Co.*, CV 11-137-M-DWM, 2012 WL 5354553, at *6 (D. Mont. Oct. 29, 2012) (Montana law); *Pasacic v. Ameriquest Mortg. Co.*, 404CV0527, 2005 WL 1200373, at *7 (N.D. Ohio May 19, 2005) (Ohio law).

Accordingly, for the reasons stated in subsection A (common law fraud), no Nationwide Class is certifiable for intentional misrepresentation, and those Nationwide Class allegations should be stricken.

### D. Negligent Misrepresentation (Count 8)

"Certification of a nationwide class that would entail the application of the various states' laws of . . . negligent misrepresentation is inappropriate given the variations in state law." *McKoy v. Trump Corp.*, 18C9936 (LGS), 2023 WL 6842310, *5 (S.D.N.Y. Oct. 17, 2023); *see also Wang v. Tesla, Inc.*, 338 F.R.D. 428, 438 (E.D.N.Y. 2021) (denying class certification where "the laws of misrepresentation in all states in which putative members are found -- potentially the laws of all 50 states -- would be at

-10-

issue"); *Hughes v. The Ester C Co.*, 317 F.R.D. 333, 352 (E.D.N.Y. 2016) (denying class certification where "there are sufficiently significant variations between the laws of the fifty states to defeat Rule 23(b)(3)'s predominance requirement[, t]he most obvious [of which] ... is that not every State recognizes the tort of negligent misrepresentation, and some states only recognize it under certain circumstances"); *Woodard v. Labrada,* EDCV16189, 2021 WL 4499184 *40 (C.D. Cal. Aug. 31, 2021) ("individual issues preclude certification of a nationwide class alleging claims under the various states' common law of . . . negligent misrepresentation"); *O'Hara v. Diageo-Guinness, USA, Inc.*, CV 15-14139, 2021 WL 11749765 *1 (D. Mass. Mar. 17, 2021) ("common issues do not predominate because there are material differences in the standards for a negligent misrepresentation claim in various states" (citing cases)).

Plaintiff's Nationwide Class allegations arising from claims of negligent misrepresentation should be stricken.

## VI. Conclusion

For all these reasons, each of the causes of action that Plaintiff purports to bring on behalf of a nationwide class of consumers is facially inappropriate, as a matter of law, for nationwide class resolution. Accordingly, defendants respectfully request that all of the complaint's Nationwide Class allegations be stricken.

Dated: February 20, 2024

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 20, 2024, a copy of this pleading was served upon all counsel of record via the Court's electronic docketing system.

/s/ Peter S. Roeser