## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIDGET SIMPSON, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-16465 |
| Plaintiff, | Hon. Franklin U. Valderrama |
| v. | |
| WALGREEN CO.; | |
| SUMTER EASY HOME LLC; | |
| NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD., | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**INTRODUCTION**

This class action challenges Defendants' misleading business practices with respect to the sale of their Complete Home Heavy Duty Cutlery (the "Products"). Plaintiff alleges that by labeling the Products as "DISHWASHER SAFE" and "HEAVY DUTY," Defendants have misled consumers into believing that the Products are actually "dishwasher safe" which, in the context of cutlery, means that the Products can be washed safely in the bottom rack of a dishwasher. ECF No. 1 ¶ 2. However, unbeknownst to reasonable consumers, the Products are not dishwasher safe because they can only be safely washed on the top rack of the dishwasher. In fact, Defendants themselves admit that the Products are only "dishwasher safe *if* cleaned on the top rack" (emphasis added).

Defendants have not, and cannot, established that the representations on the consumer-facing front labels of their Products would not mislead a reasonable consumer to believe that the Products are dishwasher safe. Instead, they seek to evade liability by relying on the fine print hidden on the bottom of the Product, next to the barcode:




*Id.* ¶ 28. Defendants' reliance on qualifying bottom-label language is an implicit admission that the front-label representations alone would mislead a reasonable consumer to believe precisely what Plaintiff believed – that the Products are dishwasher safe.

1

Further, the case law is clear – disclosures that are not on the consumer-facing front label do not cure misleading front-label representations because a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth" in fine print on the back label. *Williams v. Gerber Prods. Co*., 552 F.3d 934, 939 (9th Cir. 2008); *see also Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 476 (7th Cir. 2020) ("We…join our colleagues in at least three other circuits in holding that an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers."); *Willard v. Tropicana Mfg. Co., Inc.,* 577 F.Supp.3d 814, 831 (N.D. Ill. Dec. 30, 2021) (Valderrama, J.) (if there is "'room to argue about the precise meaning of the front-label claims,' a back-label ingredient list does not immunize a defendant from claims brought under the consumer protection statutes."). Accordingly, and for the reasons set forth below, Defendants' Motion to Dismiss ("MTD") should be denied in its entirety.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

### I.    Plaintiff Adequately Pleads Violations of the CLRA, FAL, and UCL

It is entirely reasonable for a consumer to read the front label of a product identifying itself as "DISHWASHER SAFE" and "HEAVY DUTY" and believe that the product is precisely what it claims to be – dishwasher safe. Rather than meaningfully challenging the misleading nature of these front-label representations, Defendants contend that their packaging cannot be misleading based on the unsubstantiated assumption that the reasonable consumer would inspect

the fine print on the *bottom label* of the Product. This assumption is unsupported by relevant case law and cannot support dismissal.

Under the UCL, CLRA, and FAL, courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under that standard, at trial, a plaintiff must only show that consumers are likely to be deceived by the representation. *Id*. A reasonable consumer is "neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is the ordinary consumer within the target population." *Ehret v. Uber Techs., Inc*., 68 F. Supp. 3d 1121, 1137 (N.D. Cal. 2014) (internal quotation marks omitted).

Whether a representation is likely to deceive a reasonable consumer is almost always a question of fact, not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938-39. As such, dismissal of false advertising claims is proper only in a "rare situation," where "it [is] **impossible** for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id*. at 939 (emphasis added); *McCrary v. Elations Co*., No. EDCV 13–0242 JGB (OPx), 2013 WL 6402217, at *6 (C.D. Cal. Apr. 24, 2013) (denying motion to dismiss on grounds that defendant's "advertising claim[] [did] not make it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived") (internal quotation marks omitted).

Defendants seek to ignore the clear deceptiveness of the front-label representations by relying on their *bottom label admission* that the Product is not actually dishwasher safe but is instead "dishwasher safe *if* cleaned on the top rack." MTD at 4; *see also* ECF No. 1 ¶ 28 (emphasis added). As many courts make clear, however, disclosures that are not on the consumer-facing front label do not cure misleading front-label representations because a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth" in fine print on the back label. *Williams*, 552 F.3d at 939. Rather, consumers rightfully expect that affirmative representations on the front label will only be confirmed by information in other areas of the label. *Id*. at 939-40; *see also Jou v. Kimberly-Clark Corp*., No. C-13-03075 JSC, 2013 WL 6491158, at *9 (N.D. Cal. Dec. 10, 2013) (holding

that under *Williams*, a "[d]efendant cannot rely on disclosures on the back or side panels of the packaging to contend that any misrepresentation on the front of the packaging is excused"); *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 476 (7th Cir. 2020) ("We therefore join our colleagues in at least three other circuits [including the Ninth Circuit] in holding that an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers. Many reasonable consumers do not instinctively parse every front label or read every back label before placing groceries in their carts."); *Willard,* 577 F.Supp.3d at 831 (if there is "'room to argue about the precise meaning of the front-label claims,' a back-label ingredient list does not immunize a defendant from claims brought under the consumer protection statutes."). Because Defendants do not, and cannot, argue that it is impossible for Plaintiff to prove that a reasonable consumer would interpret the front-label representations to mean that the Products are, in fact, dishwasher safe, dismissal is not warranted.

*McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023) does not compel a different result. There, it was clear on the face of the plaintiff's complaint that the phrase "Nature Fusion" was *ambiguous*. The court noted that "unlike a label declaring that a product is '100% natural' or 'all natural,' the front 'Nature *Fusion*' label does not promise that the product is wholly natural." *Id.* at 1098 (emphasis added). As the parties acknowledged, "Nature Fusion" could "mean any of a number of things: that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely." *Id.* In fact, the plaintiff's counsel commissioned an independent third party to conduct a survey of more than 400 consumers regarding their impressions of the product's front labels. *Id.* at 1096. The results of the survey revealed that 69.2% of consumers thought that the phrase "Nature Fusion" meant that the product contained both natural and synthetic ingredients, which was true. *Id.* Thus, the *McGinity* plaintiff's complaint revealed that the "Nature Fusion" language was at worst "ambiguous" and that this ambiguity could be resolved by reference to the back label. *Id.* at 1098; *see also Anderberg v. Hain Celestial Grp., Inc.*, No. 3:21-cv-01794-RBM-SBC, 2023 WL 7311200, at *6 (S.D. Cal. Nov. 6, 2023) (finding

4

that *McGinity* applies where it is "clear on the face of the plaintiff's complaint" that the front-label is ambiguous).

Here, however, there is no consumer survey revealing that the phrases "DISHWASHER SAFE" and "HEAVY DUTY" are ambiguous. In fact, there is nothing to support Defendants' baseless assumption that the term "dishwasher safe" is "at most, ambiguous." MTD at 4. Indeed, by including qualifying bottom-label language that the product is only dishwasher safe if cleaned on the top rack (but hiding that language on the bottom of the package), Defendants have implicitly conceded that the front-label representations alone would mislead a reasonable consumer to believe that the Product is, unambiguously and without any qualification, safe to wash anywhere in the dishwasher. Therefore, Defendants cannot rely on their bottom label disclaimer to escape liability. *See Locklin v. StriVectin Operating Co., Inc.*, No. 21-cv-07967-VC, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022) ("[A] company can't say something misleading on the front of a label and escape liability by stating 'that's not actually what we mean' in fine print on the back.")

Further, Defendants' attempt to evade liability by arguing that Plaintiff failed to strictly comply with the CLRA notice requirement, despite acknowledging that that all defendants received actual notice, is unavailing. In *Corbett v. PharmaCare U.S., Inc.*, 567 F.Supp.3d 1172 (S.D. Cal. 2021), a case relied upon by Defendants, it was observed that many courts have stopped dismissing CLRA claims for damages with prejudice for failure to strictly comply with the pre-suit notice requirements since the California Court of Appeal decided *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235 (Cal. Ct. App. 2009). In *Morgan*, the court noted that strict compliance fails to "properly take into account the purpose of the notice requirement [which] exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within [the] 30-day period that it will correct those wrongs within a reasonable time." *Id.* at 1260-1261. Where, as here, the CLRA letter alleges specific violations of Section 1770 and the defendant fails to remedy such

violations, dismissal is improper. *Tribendis v. Life Care Ctrs. of America, Inc.*, No. CV 14–02765–DMG (PJWx), 2014 WL 12639322, at *5-6 (C.D. Cal. Sept. 19, 2014).

## II. Plaintiff Adequately Pleads a Claim for Breach of Implied Warranty

California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1). Further, the statute provides that for good to be merchantable, they must "[c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

Defendant's argument that the front-label representations do not constitute a "promise or affirmation" because "the package's statement that the plastic cutlery was 'dishwasher safe' is not even alleged to be false" defies logic and willfully ignores the facts. Indeed, Defendants cannot possibly dispute that the Products are *not* actually "DISHWASHER SAFE" because they admit that the Products are **only** "dishwasher safe **if** cleaned on the top rack." MTD at 8; *see also* ECF No. 1 ¶ 28 (emphasis added).

Plaintiff has plausibly alleged that the front label representations made an implied promise that the Products are dishwasher safe, and the Products failed to conform with that promise because, as Defendants admit, the Products are not dishwasher safe *unless* cleaned on the top rack. ECF No. 1 ¶¶ 28, 92-100. Accordingly, the Court should not dismiss Plaintiff's implied warranty claim.[1]

---

[1] An implied warranty claim is exempt from the privity requirement when a consumer relies on the product's labeling, as Plaintiff did here. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (an exception to the privity rule for implied warranty claims arises "when the plaintiff relies on written labels or advertisements of a manufacturer.") An exception to the privity requirement also exists where a plaintiff is an intended third-party recipient of the product. *See Michael v. Honest Co.*, No. LA CV15-07059 JAK (AGRx), 2016 WL 8902574, at *24-26 (C.D. Cal. Dec. 6, 2016) (holding that a plaintiff-consumer does not need to show vertical privity for an implied warranty claim when purchasing a product from a retailer because she is an intended beneficiary of implied warranties in agreements between the retailer and a manufacturer). Here, although Plaintiff purchased the Product at a Walgreens store, she (as well as similarly situated consumers) was undoubtedly the intended third-party recipient of the Products manufactured, sold, or distributed by Sumter and Ningbo. Therefore, Defendants Sumter and Ningbo cannot escape liability.

**III.**     **Plaintiff's Individual Common Law Claims Are Adequately Pled**

    A.     <u>Common Law Fraud</u>

To plead a fraud claim, a plaintiff must provide "'the who, what, when, where, and how" of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Strumlauf v. Starbucks Corp*., 192 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2016) (explaining that the "when" prong is satisfied when plaintiff alleged when the product was purchased, the "where" is satisfied when plaintiff alleged the retail location of the purchase, and the "how" prong is satisfied when the plaintiff alleges why the representations are misleading and that a price premium was paid as a result of the misrepresentation). The Complaint adequately alleges each element:

**The Who:** Plaintiff specifically identified Defendants as the entities responsible for the manufacturing, packaging, marketing, distribution, and sale of the Products. ECF No. 1 ¶¶ 13-15.

**The What**: Plaintiff alleged that she relied on the Products' "DISHWASHER SAFE" and "HEAVY DUTY" representations and provided clear images of the Products in her Complaint. *Id.* ¶¶ 8-9, 28; *see also Hall v. Diamond Foods, Inc*., No. C-14-2148 MMC, 2014 WL 5364122, at *2 (N.D. Cal. Oct. 21, 2014) (finding that plaintiff satisfied the "what" when "identif[ying] the precise statement on which he relied" and "attach[ing] to the FAC a photograph" of the front portion of the packaging).

**The When**: Plaintiff alleged she purchased the Product in May of 2022. ECF No. 1 ¶ 8.

**The Where**: Plaintiff alleged she purchased the Product in a Walgreens store in Riverside, California. *Id.*

**The How**: Plaintiff alleged that the Products' labeling is misleading because Defendant represents that the Products are actually dishwasher safe which, in the context of cutlery, means that the Products can be safely washed in the bottom rack of a dishwasher. *Id.* ¶¶ 2-5. Defendants indisputably knew, or should have known, that the unqualified front label representations would mislead consumers to believe that the Products were "dishwasher safe" because they felt the need

7

to include (but conceal on the bottom of the package) qualifying language that the Products were not dishwasher safe unless cleaned on the top rack. *Id.* ¶¶ 28, 36-37. Plaintiff further alleged that she sustained an injury as a result of the price premium associated with this misrepresentation. *Id.* ¶ 31.

Again, Defendant willfully ignores the facts of this case when it argues that no false statement was made because "[t]he only representation of fact made by defendants was that the Products are 'dishwasher safe if cleaned on the top rack.'" MTD at 10. This is simply untrue. As discussed *supra*, the only representations on which consumers can be expected to rely (the front label) unambiguously state that the Product is "DISHWASHER SAFE" and "HEAVY DUTY." These representations are indisputably false because Defendants admit that the Products are not dishwasher safe *unless* cleaned on the top rack. ECF No. 1 ¶¶ 28, 92-100.

Additionally, Defendants' reliance on *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) for the proposition that Plaintiff improperly "lumps all the defendants together" is misplaced. *Sears* is inapposite because it involved a RICO complaint devoid of "any detail concerning who was involved in each allegedly fraudulent activity, how the alleged fraud was perpetrated, or when the allegedly fraudulent statements were made." *Id.* Here, there is only one fraudulent activity (the misrepresentations on the label) for which all Defendants are responsible. *See also Magnuson v. Window Rock Residential Recovery Fund, L.P.*, No. 22 CV 1010, 2023 WL 8090727, at *6 (N.D. Ill. Nov. 21, 2023) (plaintiff's allegation that both defendants concealed information was insufficient because nothing in the complaint suggested that one of those defendants actually attempted to conceal anything).

Therefore, Defendants' motion to dismiss Plaintiff's common law fraud claim should be denied.

### B. Unjust Enrichment/Quasi Contract

Defendant's argument that there is "no basis for the relief" under California law for unjust enrichment is misguided. MTD at 11. Although California does not have a standalone cause of action for "unjust enrichment," it is not irrelevant in California law. *Astiana v. Hain Celestial*

*Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Rather, unjust enrichment and restitution both "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id.* The return of that benefit is the remedy "typically sought in a quasi-contract cause of action." *Id.* (quoting 55 Cal. Jur. 3d Restitution § 2). Therefore, when a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal.Rptr.3d 864, 872 (Cal. Ct. App. 2014)).

Further, as discussed in Sections II and III.A. *supra*, Defendants' argument that "there is no plausible allegation that any defendant obtained a benefit that was unjust" because "no defendant ever represented that the plastic flatware was bottom-rack safe" is entirely unsupported by the facts in this case. Defendants represented that the Products were "DISHWASHER SAFE" and "HEAVY DUTY" on the consumer-facing front label. The Products, however, are not dishwasher safe (as represented) unless cleaned on the top rack. In essence, Defendants contend that even if the Products cannot be washed in any part of the dishwasher, the lawsuit must be dismissed because the fine print limits "dishwasher safe" to "if cleaned on the top rack." Arguments of this nature have been rejected as "absurd." *See Locklin*, 2022 WL 867248, at *3.

In *Locklin*, the defendant argued that the front-label claim that the sunscreen product was "REEF SAFE*" could not mislead consumers because the asterisk directs them to the back of the package, which explains that the sunscreen does not contain two chemicals widely understood to threaten coral reefs. Although the sunscreen also contained other chemicals that also endanger the reefs, the defendant contended that the "statement on the label is literally true and there can be no claim for false advertising." *Id.* "In other words, the company contends that even if the four chemical identified by [plaintiff] do harm the reefs, the lawsuit must be dismissed because the fine print defines 'reef safe' narrowly to mean 'does not contain two particular chemicals that harm coral reefs.' This argument is absurd." *Id.*

Like the defendant in *Locklin*, Defendants misled consumers with clear and unambiguous language on the consumer-facing front label, and cannot now avoid liability by claiming "that's

9

not actually what we mean" in fine print on the bottom. *Id.* Further, Defendants' actions are even more egregious than those of the *Locklin* defendant because they included nothing on the front label (such as an asterisk) to indicate that there was qualifying language hidden on the bottom of the packaging. Accordingly, Defendants obtained a benefit that was unjust, and Plaintiff's unjust enrichment claim should not be dismissed.

### C. Intentional Misrepresentation

For the reasons stated in Section III.A. *supra*, Plaintiff has adequately plead a claim for intentional misrepresentation and the Court should not dismiss this claim.

### D. Negligent Misrepresentation

As discussed *supra*, Defendants' argument that the Product contains no misrepresentation of fact is inconsistent with the undisputed facts of this case. Further, Defendants' argument that Plaintiff's claim is barred by the economic loss doctrine is unavailing.

"The California Supreme Court has recognized that '[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise.'" *DiGiacinto v. RB Health* (US) LLC, 668 F.Supp.3d 950, 967 (N.D. Cal. 2023) (quoting *In re Safeway Tuna Cases*, No. 15-CV-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016)). "This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts." *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 272 (Cal. 2004).

However, the California Supreme Court has declined to apply the economic loss doctrine to fraud and misrepresentation claims where, as here, one party has lied to the other. *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700, 701 (9th Cir. 2011). Further, courts have specifically held that "the economic loss rule 'does not apply to Plaintiff['s] negligent misrepresentation claim[s]' because 'California law classifies negligent misrepresentation as a

species of fraud . . . for which economic loss is recoverable.'" *Ashton v. J.M. Smucker Co.*, No. EDCV 20-992 JGB (SHKx), 2020 WL 8575140, at *13 (quoting *Zakaria v. Gerber Prods. Co.*, No. LA CV15-00200 JAK (Ex), 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015)); *Rhodeman v. Ocwen Loan Servicing, LLC*, No. EDCV 18-2363 JGB (KKx), 2019 WL 5955368, at *13 (C.D. Cal. Nov. 12, 2019) (adopting *Robinson Helicopter* and holding that economic loss doctrine does not bar fraud claim based in tort). *Schippell v. Johnson & Johnson Consumer Inc.*, No. EDCV 23-410 JGB (SHKx), 2023 WL 6178485, at *1 (C.D. Cal. Aug. 7, 2023), on which Defendants rely, is inconsistent with the weight of the authority. There, the court based its decision on a perceived change in the law after the California Supreme Court decided *Sheen v. Wells Fargo Bank*, N.A., 12 Cal. 5th 905 (Cal. 2022). However, other post-*Sheen* Ninth Circuit cases have observed no such change. *See DiGiacinto*, 668 F.Supp.3d 950; *Tashauna Seale v. GSK Consumer Health, Inc.*, No. 2:23-cv-00842-AB-MRWx, 2024 WL 1040854, at *10 (C.D. Cal. Feb. 27, 2024).

Plaintiff has properly pled that Defendants marketed the Products in a manner indicating that the Products are dishwasher safe. Because Defendants concede that the Products are not dishwasher safe, there has been a misrepresentation as to the nature of the Products. These misrepresentations were made when Defendants either knew or should have known that the Products were not dishwasher safe, yet labeled the items as dishwasher safe regardless. These misrepresentations and Plaintiff's reliance thereon adequately establish fraud on the part of Defendant. Thus, Plaintiff's negligent misrepresentation claim is not barred by the economic loss doctrine.

## IV.     Plaintiff Has Standing to Pursue Injunctive Relief[2]

Defendant contends that Plaintiff does not have standing to pursue claims for injunctive relief because she now "knows about the allegedly false claim" and therefore "does not face a

---

[2] Defendant's MTD (ECF No. 15) also does not comply with Local Rule 7.1 as it exceeds the 15-page limit and does not include a table of cases. Because this section is in the excess pages, Plaintiff requests that it be stricken.

real and immediate threat of future injury from the product's labeling." MTD at 14-15. This argument is inconsistent with the weight of authority in the Seventh Circuit.

To be eligible for injunctive relief, Plaintiff must merely allege that Defendant's conduct will "likely cause him harm in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014); *see also Muir v. NBTY, Inc.*, No. 15 C 9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016) (interpreting *Camasta* to repeat "the well-accepted rule that the standing inquiry for the purpose of injunctive relief is probabilistic, i.e., is there 'likelihood' that some harm will be suffered by the plaintiff in the future?").

Defendant concedes that Plaintiff has alleged a likelihood of future harm because she has alleged an "ongoing injury" that can only be remedied by an injunction. MTD at 15-16. Specifically, Plaintiff has alleged (a) she would likely purchase the Products in the future if she could be assured that the Products were in fact dishwasher safe, (b) while Plaintiff currently believes the Products are not dishwasher safe, she lacks personal knowledge as to Defendants' specific business practices, leaving doubt in her mind as to the possibility in the future that some of the Products could be dishwasher safe, and (c) Plaintiff regularly visits Walgreens stores which sell the Products. *Id.*; *see also* ECF No. 1 ¶ 12. These allegations are enough to establish, at this stage in the proceedings, that Plaintiff has standing to seek injunctive relief. *Muir*, 2016 WL 5234596, at *10 (finding allegation that "Defendants continue to advertise, distribute, label, manufacture, market, and sell the Products in a false, misleading, unfair, and deceptive manner" was enough to establish standing); *see also In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (noting that most courts rule that a plaintiff lacks standing if she "provides no concrete basis to conclude that…she will purchase the product at issue in the future"); *Arnesia Thomas, Pascha Perkins, and Vernita Faison, Plaintiffs v. Walmart Inc.*, No. 23 CV 5315, 2024 WL 1050179, at *5 (N.D. Ill. Mar. 11, 2024) (citing consumer fraud cases where claims for injunctive relief were deemed sufficient at the pleading stage because "plaintiffs intended to or were likely to purchase [the] products again"); *Le v. Kohls Dep't Stores, Inc.,* 160 F.Supp.3d 1096, 1111 (E.D. Wis. 2016) (noting that

*Camasta* merely stands for the "unremarkable conclusion" that without more than a "bare assertion" of future harm – *e.g*., asserting that "there [wa]s a substantial danger that these wrongful practices w[ould] continue" – a plaintiff is not entitled to injunctive relief.).

The cases cited by Defendant are largely inapposite because they involved only past deception. *See Daly v. Glanbia Performance Nutrition, Inc.*, No. 23 C 933, 2023 WL 5647232, at *5 (N.D. Ill. Aug. 31, 2023) (plaintiff's complaint alleged "only past harms caused by [defendant's] purported deception"); *Daly v. FitLife Brands, Inc.*, No. 1:22-CV-00762, 2023 WL 6388112, at *5 (N.D. Ill., Sept. 29, 2023) (finding plaintiff could not be harmed in the future because he could not possibly be fooled again)*; Freeman v. MAM USA Corp.*, 528 F.Supp.3d 849 (N.D. Ill. Mar. 23, 2021) (plaintiff, whose toddler was too old to continue using the pacifier product at issue, did not suggest that she was at risk of future harm). Here, Plaintiff can indeed be fooled again because she lacks personal knowledge as to Defendants' business practices, leaving doubt as to the possibility in the future that some of the Products could be dishwasher safe. ECF No. 1 ¶ 12.

*Shirley v. Reynolds Consumer Prods., LLC*, 636 F.Supp.3d 907 (N.D. Ill. Oct. 21, 2022), is instructive. There, the defendant argued that the plaintiff was precluded from pursuing injunctive relief because "she has already discovered the defendant's fraud and is therefore unlikely to be deceived again." *Id.* at 914. The court rejected this argument because the plaintiff alleged that she would not have purchased the product at the price she paid had she known the truth, but that she intended to purchase the product again if she could rely on its labeling. *Id.* at 915. This allegation was sufficient to establish that the plaintiff faced a "real immediate threat of future injury." *Id. Palmer v. Procter & Gamble Co.*, No. 22-cv-5036, 2023 WL 5852252, at *1 (N.D. Ill. Sept. 11, 2023) appears to be at odds with *Shirley* and the weight of Seventh Circuit authority, to the extent that it found insufficient the plaintiff's allegation that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition." *Id.* at *3. Indeed,

the court acknowledged that only "former customer[s] who provide[] no concrete basis to conclude that he or she will purchase the product at issue in the future" lack standing. *Id.* at *2.

Accordingly, Plaintiff's claim for injunctive relief should not be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion in its entirety. However, if the Court is inclined to grant part of Defendant's Motion, Plaintiff respectfully requests leave to amend pursuant to Rule 15.

Date: March 19, 2024

Respectfully submitted,

**FARUQI & FARUQI, LLP**
By: */s/ Timothy J. Peter*
Timothy J. Peter (Bar No. 306965)
*tpeter@faruqilaw.com*
1617 JFK Boulevard, Suite 1550
Philadelphia, Pennsylvania 19103
Telephone: (267) 536-2145
Facsimile: (215) 277-5771

*Counsel for Plaintiff*
*and the Proposed Classes*

14