**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRIDGET SIMPSON, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-16465 |
| Plaintiff, | Hon. Franklin U. Valderrama |
| v. | |
| WALGREEN CO.; | |
| SUMTER EASY HOME LLC; | |
| NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD., | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS**

**INTRODUCTION**

In their Motion to Strike ("MTS"), Defendants seek to narrow the scope of the Complaint's class allegations before Plaintiff can even meaningfully take part in discovery. Striking class allegations is an extraordinary remedy, and one that is premature at this juncture.

In the Seventh Circuit, attempts to strike class allegations are routinely denied as premature at the pleading stages. *See Boatwright v. Walgreen Co.*, No. 10 C 3902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (concluding that "a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action" and, as a result, that "a decision denying class status by striking class allegations at the pleading stage is inappropriate.") Further, Defendants seek to expedite a choice-of-law determination that is not yet ripe: they do not point to an actual applicable conflict of law germane to the case at hand, even if the case were at a procedurally appropriate stage to do so. *See Mednick v. Precor, Inc.*, No. 14 C 3624, 2014 WL 6474915, at *7 (N.D. Ill. Nov. 13, 2014) ("[T]he mere possibility that the presence of class members in other states may require the application of different state laws does not satisfy the facially and inherently deficient standard.") (citation omitted). In the absence of discovery, an inquiry by the Court to determine if there is a true conflict of law sufficiently material to defeat certification at the pleading stage is not yet ripe. All of the arguments Defendants make in their Motion are unavailing.

**LEGAL STANDARD**

A court should only strike class allegations in "exceptional case[s] where it is clear from the complaint that circumstances warrant a motion to strike class allegations to conserve court and party resources and where the pleadings make clear that the suit cannot satisfy Rule 23." *Fairley v. McDonald's Corp.*, No. 20-CV-02273, 2021 WL 3054804, at *4 (N.D. Ill. July 20, 2021)(citing *Jones v. BRG Sports, Inc.*, No. 18 C 7250, 2019 WL 3554374, at *4 (N.D. Ill. Aug. 1, 2019).

Where, as here, a defendant attempts to preemptively strike class allegations on the face of the complaint prior to the plaintiff's motion for class certification and before discovery has

1

been conducted, the court accepts the plaintiff's allegations supporting class certification as true. *Cox v. Sherman Capital LLC*, No. 1:12-CV-01654-TWP, 2014 WL 1328147, at *9 (S.D. Ind. Mar. 31, 2014). The burden falls on the defendant to demonstrate that "no possible set of factual allegations ... could justify certifying a class." *Id.* (citation omitted) ("To prevail at this early stage, defendants have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.") (quotations omitted)). Additionally, the Seventh Circuit has warned that "a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class." *Damasco v. Clearwire Corp.,* 662 F.3d 891, 897 (7th Cir. 2011), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

"Although the decision to strike material 'is within the discretion of the court,' [] 'the general rule is that motions to strike are disfavored." *Fairley v. McDonald's Corp.*, No. 20-cv-022723, 2021 WL 3054804, at *4 (N.D. Ill. Jul. 20, 2021) (Valderrama, J.) (internal citations omitted). "This is, in part, 'because plaintiffs generally have the burden of demonstrating that they meet the requirements of Rule 23. Class action defendants, however, are often in control of the information plaintiffs need to meet that burden. **Thus, discovery is often appropriate, even necessary**.'" *Id.* (quoting *Murdock-Alexander v. Tempsnow Emp.*, No. 16-cv-5182, 2016 WL 6833961, at *3 (N.D. Ill. Nov. 21, 2016)) (emphasis added). It would be especially drastic to strike class allegations where, as here, discovery has not even begun. *See Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *9 (N.D. Ill. June 1, 2017) ("The authorization granted [by the Seventh Circuit] to deny class certification 'even before the plaintiff files a motion requesting certification' rested on the truism that the court 'need not delay a ruling on certification If it thinks that *additional* discovery would not be useful in resolving the class determination.'") (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557 (7th Cir. 2011).

2

## ARGUMENT

### I.    Defendants' Motion is Premature

A determination striking class action allegations is not appropriate at the pleading stages particularly where, as here, there has been no discovery in the case. *Fairley,* 2021 WL 3054804, at *4 ("[D]iscovery is often appropriate, even necessary."); *see also Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc*., 522 F. Supp. 3d 402, 410 (N.D. Ill. 2021) ("If the issues are factual or discovery is likely to inform a class certification decision, little would be gained from striking class allegations from the complaint, for they would just reemerge later."); *Damasco.*, 662 F.3d at 897 ("[A] court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class."). The issues raised in Defendants' Motion require resolution of factual inquires, and "where … discovery is needed to determine whether a  class  should  be certified, a motion to strike the class allegations at the pleading  stage  is premature." *Murdock-Alexander*, 2016 WL 6833961, at *4 (N.D. Ill. Nov. 21, 2016).  Indeed, as courts in this District have previously noted, "class certification is addressed at the pleading stage in this district only when the class allegations are 'facially and inherently deficient.'" *Sheeley v. Wilson Sporting Goods Co.*, 2017 WL 5517352, at *4 (N.D. Ill. Nov. 17, 2017) (*quoting Mednick*, 2014 WL 6474915, at *6.)

Additionally, courts in this district routinely deny motions to strike class allegations as premature because it is inappropriate in most circumstances to strike class allegations in advance of the filing of a motion for class certification after an appropriate discovery period. *See*, *e.g.*, *Murdock-Alexander*, 2016 WL 6833961, at *6 (denying motion to strike where it was "too early for the Court to perform the rigorous scrutiny Rule 23 requires."); *Shirley v. Staffing Network Holdings*, *LLC*, 2016 WL 6599951, at *4 (N.D. Ill. Nov. 8, 2016) ("Determining whether the Rule 23 requirements have been satisfied requires a 'rigorous analysis,' and a court need not conduct an analysis before sufficient information has been presented."); *Boatright v. Walgreen Co.*, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) ("Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's

3

cause of action, a decision denying class status by striking class allegations at the pleadings stage is inappropriate."); *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *9 (N.D. Ill. Mar. 18, 2013) ("[T]he Court believes it is premature to engage in this analysis at the motion to dismiss stage.").

Here, the parties have not yet exchanged a single document in discovery, nor have they had the opportunity to develop any factual record. As such, Defendants' motion is premature because "the mere possibility that the presence of class members in other states may require the application of different state laws does not satisfy the facially and inherently deficient standard." *Mednick*, 2014 WL 6474915, at *6–7; *see also Sheeley*, 2017 WL 5517352, at *5 (holding that the fact that different state laws will need to be applied does not automatically render the plaintiffs' claims facially and inherently deficient). The certification issues that Defendants raise "are enmeshed in factual and legal issues that would benefit from full exploration after certification discovery is complete." *Texas Hill*, 2021 WL 780719, at *6. Thus, Defendants' Motion should be denied.

## II. Choice of Law Determinations Will Not Render The Class Unmanageable

Defendants spend considerable time discussing purported differences in state law, which may not even been relevant to resolving a class certification motion. Consequently, without having the benefit of discovery this inquiry is premature. *Bietsch v. Sergean"s Pet Care Prods., Inc.*, No. 15 C 5432, 2016 WL 1011512, at *11 (N.D. Ill. Mar. 15, 2016) (finding generic recitations of differences in state law is not sufficient to demonstrate that multistate class is "per se unworkable," and denying same arguments as premature when made on peremptory motion to strike); *Mednick*, 2014 WL 6474915, at *7 ("[t]he Court will defer consideration of the impact of variations in state law until the class-certification stage"). Further, to the extent that multiple state laws theoretically "conflict," such conflicts only become relevant to the extent that they effect the actual claims for the named plaintiffs and class members. These concerns are, at the present stage, speculative and/or can be easily addressed with modifications to the class definition. *Messner*, 669 F.3d at 825.

The analysis in *Wagner v. General Nutrition Corp.* is directly on point, setting forth the sound reasons for deferring such matters to class certification.

> First, courts have denied similar motions before class discovery, the plaintiff's motion for certification, and the benefit of full briefing on the issue of class certification.

* * * * *

> Second, even assuming there are material differences in applicable state law, it may be prudent to create subclasses based on similarities in various states' laws. Roadblocks to class certification "can and often should be solved by refining the class definition rather than by flatly dying class certification.'" *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)) . . . . Given that subclasses potentially could resolve problems arising from differences in state law, it is practical to wait until Plaintiff moves for class certification, proposes subclasses, and the parties provide in-depth analysis of the issues relevant to class certification. Third, at least as alleged, there are major issues in the case that are likely susceptible to classwide proof. The question of whether the Products' labels are indeed false is perhaps the most important question in the case and the most difficult to answer, as it will likely require expert testimony. Based on the [FAC], the question is likely susceptible to common proof—that is, it can be resolved in "one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

* * * * *

> Finally, while GNC points to some differences in state law, it does not show how those differences necessarily preclude class certification so that it is "practicable to resolve the certification question at this stage." [citation omitted] GNC does not explain how the differences in state law it identifies are material based on the pleadings, particularly in light of the broad discretion courts have under Rule 23 to "devised 'imaginative solutions' to resolve problems created by class actions." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 888 (7th Cir. 2011)). Whether to create subclasses will likely be a central issue during class certification. It is sensible to wait to conduct the relevant analysis until the issues are fully briefed, and the record is fully developed.

*Wagner*, No. 16-CV-10961, 2017 WL 3070772, at *9 (N.D. Ill. July 19, 2017) (some citation omitted). The reasoning in *Wagner* applies with equal force to this case.

Even if the choice of law analysis shows differences in state law, Defendants have not shown that the purported differences are relevant and material to deciding class certification. *In re. U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 127 (2nd Cir. 2013) ("Thus, the crucial inquiry is not whether the laws of multiple jurisdictions are implicated, but whether those laws differ in a material manner that precludes the predominance of common issues."). Nor have Defendants met their burden of showing it would be "impossible to certify the classes alleged by

5

the plaintiffs regardless of the facts the plaintiffs may be able to prove. " *Sherman Capital LLC,* 2014 WL 1328147, at *9; *see also Daly v. Glanbia Performance Nutrition, Inc.,* No. 23 C 933, 2023 WL 5647232, at *3 (N.D. Ill. Aug. 31, 2023) (striking nationwide class allegations where it was impossible to certify the classes because the statutory consumer claim and the common law fraud claim could not survive as a matter of law).

To the extent the Defendants argue that a choice of law analysis is necessary and the result of such an analysis will be that the law of state in which the consumer purchased the product controls, they are mistaken. Before a choice of law analysis can be made, the party seeking the determination must "establish the existence of an outcome-determinative conflict." *Bd. of Forensic Document Exa''rs, Inc. v. Am. Bar As'n*, 922 F.3d 827, 831 (7th Cir. 2019). "A district court is required to engage in a choice of law analysis ***only if there is a conflict*** between Illinois law and the law of another state such that a difference in law will make a difference in the outcome." *Id.* (emphasis added). Indeed, "there can be no injury in applying [a state's] law if it is not in conflict with that of any other jurisdiction connected to this suit." *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010)(quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 814–16, (1985).) Defendant has failed to demonstrate such an actual conflict, as discussed below, and as such no choice of law analysis is necessary.

Thus, the state laws that are at issue cannot be determined on this record, frustrating any analysis of whether the conflicts Defendant identifies are material. "Because a choice of law analysis is premature, the court cannot rule out the possibility that there will be no material conflicts of laws or that, if there are, state-specific subclasses may be a manageable alternative in the event that certifying a national class proves unworkable." *Texas Hill*, 2021 WL 780719, at *6; *see also Joseph v. TGI Friday's, Inc.*, No. 21-cv-1340, 2022 WL 17251277, at *10 (N.D. Ill. Nov. 28, 2022) ("Even if Defendants are correct that Plaintiff's nationwide class allegations are inherently unmanageable, the Court needs additional factual development to determine whether any of the alleged differences in state law create a conflict for Plaintiff and potential class

6

members or whether the class device may be manageable and otherwise appropriate to adjudicate one or more nonnationwide classes or subclasses.")

        A.     <u>Common Law Fraud</u>

Defendants assert that for common law fraud, there are differences between jurisdictions as to whether reliance can be presumed/inferred or must be affirmatively proven. (See MTS p. 7, fn. 3). But in their concurrently filed Motion to Dismiss, Defendants do not challenge the Complaint's allegation that Plaintiff relied on the misrepresentations on the product at issue, they merely argue that her reliance cannot justifiably support a claim as they contest whether "DISHWASHER SAFE" *is* a misrepresentation at all. *See* Defendants' Motion to Dismiss ("MTD") p. 9-11.

Defendants cite several cases (most of which, again, consider the issue of striking class allegations at the class certification stage of proceedings) yet fail to actually identify a material conflict of law which would invalidate *these* claims. Simply because there have been instances in which courts in this district have declined to certify a nationwide class based on common law fraud does not *per se* doom any attempt by any future plaintiff, nor does it vitiate Defendants' burden to prove that such insufficiencies render class certification impossible. *Sherman Capital LLC,* 2014 WL 1328147, at *9. To the contrary, it is indeed possible to certify a nationwide fraud class. *See also Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 377 (N.D. Cal. 2010)(certifying nationwide fraud class where all class members were consumers who purchased the product bearing the allegedly misleading label). Further, the inquiry as to whether such a class can be feasibly certified is not proper at the pleadings stage where the court has no factual context in which to evaluate the claims. *See Collins v. Gamestop Corp.*, No. C10-1210-TEH, 2010 WL 3077671, at *3 (N.D. Cal. Aug. 6, 2010)(declining to strike nationwide allegation of common law fraud in consumer used video game litigation); *Saphirstein v. Mauzone Mania LLC*, No. 15-CV-7264 (ERK)(RML), 2017 WL 3278893, at *4 (E.D.N.Y. July 31, 2017)("[T]hese issues relate to class certification and should be deferred to the class certification stage when the record is more fully developed."); *S.R. Bastien Corp. v. Riso, Inc.*, No. 96 C 6393, 1997 WL

7

102535, at *1 (N.D. Ill. Mar. 5, 1997)(deferring decision on nationwide common law fraud claim until class certification.)

    B.  Unjust Enrichment

    Defendant's attempt to strike the nationwide class allegations for unjust enrichment likewise fails to identify a specific difference in the various unjust enrichment laws which would prove fatal to *these* allegations.  Rather, Defendants again seem to string-cite various differences between some statutes to imply that a nationwide class is inherently doomed without actually engaging with any of the facts alleged in the Complaint. This is a far cry from their burden to show that certification of the class as alleged is impossible. *Sherman Capital LLC,* 2014 WL 1328147, at *9. *See also Flaherty v. Clinique Labs. LLC,* No. 1:21-cv-03447, 2021 WL 5299773, at *7 (N.D. Ill. Nov. 15, 2021) ("Assuming that Clinique is correct in its choice-of-law analysis and the laws of up to fifty different states and the District of Columbia must be applied to the class claims, Clinique has not explained why the high-level differences that it identified 'are material enough to defeat certification at the pleading stage.'")(citing *Texas Hill*, 522 F. Supp. 3d at 411).

    Defendants cannot meet this burden because there are, in fact, numerous instances where nationwide unjust enrichment classes have been certified after a sufficient factual record has been developed. A helpful discussion of these cases can be found in *In re Checking Acct. Overdraft Litig*., 307 F.R.D. 656, 675 (S.D. Fla. 2015):

> A leading case is *In re Mercedes–Benz Tele Aid Contract Litig*., 257 F.R.D. 46 (D.N.J.2009) (certifying nationwide class), and 267 F.R.D. 113 (D.N.J.2010) ("*Mercedes II* ") (denying decertification motion), Rule 23(f) pet. denied, 2010 U.S.App. LEXIS 8087 (3d Cir. Apr. 19, 2010). In *Mercedes–Benz*, the district court undertook a searching analysis of the comparative law of unjust enrichment in the context of class certification, and concluded that "[w]hile there are minor variations in the elements of unjust enrichment under the laws of the various states, those differences are not material and do not create an actual conflict." 257 F.R.D. at 58. The court reaffirmed this analysis in *Mercedes II*, 267 F.R.D. at 119–23. This reasoning is persuasive, and courts in this District have reached similar results. In *In re Terazosin Hydrochloride Antitrust Litig*., 220 F.R.D. 672, 697 & n. 40 (S.D.Fla.2004), the court certified a multi-state unjust enrichment class, finding that "[t]he standards for evaluating each of the various states classes' unjust enrichent claims are virtually identical" and that minor variation

> in states' laws "present[ed] no obstacle to class certification." See also *Singer*, 185 F.R.D. at 692 (concluding that the elements of unjust enrichment are "materially the same throughout the United States."). Courts elsewhere are in accord. See, e.g., *In re Abbott Laboratories Norvir Anti–Trust Litig.*, 2007 WL 1689899, at *9–10 (N.D.Cal.2007) (certifying nationwide unjust enrichment class, finding that "the variations among some states' unjust enrichment laws do not significantly alter the central issue or the manner of proof").

*Id. See also Greene v. Sears Prot. Co.*, No. 15-CV-2546, 2018 WL 3104300, at *3 (N.D. Ill. June 25, 2018)(Certifying nationwide unjust enrichment class in consumer warranty case); *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 240 (C.D. Cal. 2003)(same). Given that Defendants have failed to provide a single example of how any differences in state unjust enrichment laws would invalidate Plaintiff's claims, their motion to strike the nationwide allegations should be denied.

### C.  Intentional Misrepresentation

Here again Defendants merely provide a long string cite to various States' laws on intentional misrepresentation, then argue a nationwide class is not certifiable for the same reason as Plaintiff's common law fraud claims. This is insufficient to justify striking Plaintiff's nationwide allegations. *See Bietsch,* 2016 WL 1011512, at *11 (finding generic recitations of differences in state law is not sufficient to demonstrate that multistate class is "per se unworkable," and denying same arguments as premature when made on peremptory motion to strike). To the extent that the intentional misrepresentation claim may rise and fall with that of common law fraud, the reasoning in Section II.A. *supra* warrants denial of Defendants' motion to strike these class allegations.

### D.  Negligent Misrepresentation

With regard to the negligent misrepresentation class allegations, Defendants once again fails to identify a specific difference in the various state negligent misrepresentation laws which would prove fatal to *these* allegations.  Further, Defendants' own sources of authority once again highlight the impropriety of their current motion: in the majority of cases cited in support of their motion to strike the negligent misrepresentation allegations, the court only struck the nationwide

9

allegations at the class certification stage, with the benefit of having engaged in discovery. *See* MTS p. 10-11.

Moreover, Defendants cannot meet their burden of proving, at this stage, that class certification is a doomed endeavor because courts have concluded that a nationwide class is entirely feasible in consumer cases involving uniform front-label representations:

> [I]t is … inconceivable that any individual would not have relied on the tin's labeling in its purchase, since otherwise the individual would merely be purchasing a random tin of unknown fluid. Thus, the Court finds that while some variation exists among states in the common law of fraud and negligent misrepresentation, when applied to the facts of this particular case any such variation is unlikely to lead to actual variation in adjudication of liability.

*Ebin v. Kangadis Fam. Mgmt. LLC*, 45 F. Supp. 3d 395, 399 (S.D.N.Y. 2014)

In other words, Defendants fail to "establish[] that the standards of liability in relevant states are sufficiently different that they would raise insurmountable case management issues or render class issues insufficiently predominant." *Greene v. Gerber Prod. Co*., 262 F. Supp. 3d 38, 80 (E.D.N.Y. 2017) (case regarding allegations that infant formula was not as beneficial as advertised, holding that motion to strike nationwide class allegations, including negligent misrepresentation, was premature); *see also Bohlke v. Shearer's Foods, LLC*, No. 9:14-CV-80727, 2015 WL 249418, at *1–2 (S.D. Fla. Jan. 20, 2015)(case regarding allegedly "all natural chips" holding that motion to strike nationwide class allegations, including negligent misrepresentation, was premature); *In re Folgers Coffee*, No. 21-2984-MD-W-BP, 2021 WL 7004991, at *3–4 (W.D. Mo. Dec. 28, 2021)(case regarding number of coffee cups canister can yield, holding that striking nationwide class allegations was premature); *Peruto v. TimberTech Ltd*., 126 F. Supp. 3d 447, 460–61 (D.N.J. 2015)(holding same).

Defendants' motion attempts to brush off the Complaint's nationwide class without meaningfully engaging with the facts alleged therein; consequently, Defendants have failed to satisfy their burden of establishing that certification would be impossible under the facts alleged.

10

**<u>CONCLUSION</u>**

Before Plaintiff has the opportunity to conduct class discovery, it is not feasible for the Court to determine how many states' laws are implicated in this action, how many of those laws vary, and how many variances are material to the factors the Court will consider in deciding whether to certify the class. Nor has Defendant yet established that the standards of liability in relevant states are sufficiently different that they would raise insurmountable case management issues or render class issues insufficiently predominant.) As has been clearly established above, recitations in bulk of differences in state laws are not sufficient to show as a matter of law that certifying a class would be impossible, particularly at the pleading stage. *Bietsch*, 2016 WL 1011512, at *11 (finding generic recitations of differences in state law is not sufficient to demonstrate that multistate class is "per se unworkable," and denying same arguments as premature when made on peremptory motion to strike).

Consequently, for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to strike the class allegations.

Date:   March 19, 2024

Respectfully submitted,

**FARUQI & FARUQI, LLP**
By: */s/ Timothy J. Peter*
Timothy J. Peter (Bar No. 306965)
*tpeter@faruqilaw.com*
1617 JFK Boulevard, Suite 1550
Philadelphia, Pennsylvania 19103
Telephone: (267) 536-2145
Facsimile: (215) 277-5771

*Counsel for Plaintiff*
*and the Proposed Classes*

11