**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRIDGET SIMPSON, individually and on behalf of all other similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>WALGREEN CO.;<br>SUMTER EASY HOME LLC;<br>NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD.,<br><br>       Defendants. | Case No. 1:23-cv-16465<br><br>Judge Valderrama |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Dated: April 19, 2024

Todd P. Lewis
Jorge J. Rodriguez
Conner & Winters LLP
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
Email: tlewis@cwlaw.com

Peter S. Roeser
Matthew D. Tanner
Roeser Tanner & Graham LLC
2 North Riverside Plaza, Suite 1850
Chicago, IL 60606
Telephone: (312) 621-0303
Email: proeser@rtglaw.com

**CONTENTS**

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 2

    I.    Plaintiff's California Statutory Claims Fail (Count 1-3) ........................................ 2

    II.   The Remainder of Plaintiff's Claims Fail (Counts 4-8) ......................................... 4

    III.  Plaintiff Lacks Article III Standing to Seek Injunctive Relief .................................. 6

CONCLUSION ................................................................................................................ 8

**INTRODUCTION**

Defendants Walgreen Co., Sumter Easy Home LLC, and Ningbo (USA) Home-Link Plastic Product Mfg., Ltd. (collectively "Defendants" unless referred to individually) file this Reply Brief in support of their Motion to Dismiss Plaintiff's complaint. In her Opposition, Plaintiff ignores the fact that Defendants did not misrepresent the attributes of the cutlery product that is at issue in this case. The front of the package states that the product is "dishwasher safe," and the instructions on the bottom of the package clearly state that the product should be placed on the top rack of the dishwasher. Plaintiff brings this lawsuit because the cutlery is allegedly not dishwasher safe on the bottom rack, but Defendants never said that the cutlery was dishwasher safe on the bottom rack[1]. Without identifying any misleading advertising, Plaintiff's unsupported conclusion does not "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has sued Defendants under California's Consumers Legal Remedies Act ("CLRA") (Count One); California's False Advertising Law ("FAL") (Count Two); California's Unfair Competition Law ("UCL") (Count Three); California's Implied Warranty of Merchantability statute (Count Four); Common law fraud (Count Five); Quasi Contract/Unjust Enrichment/ Restitution (Count Six); Intentional Misrepresentation (Count Seven); and Negligent Misrepresentation (Count

---

[1] Plaintiff also makes reference to the use of the words "heavy duty" on the label, and to the extent she contends it is actionable, she is mistaken. A statement is actionable under California law if it makes a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact. *Vitt v. Apple Computer, Inc.*, 469 Fed.Appx. 605, 607 (9th Cir.2012) (internal quotation marks omitted) (affirming finding that descriptors "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop" were "generalized, non-actionable puffery because they are 'inherently vague and generalized terms' and 'not factual representations that a given standard has been met' "). Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 854-55 (N.D. Cal. 2012).

Eight).  As further detailed below, all these claims fail, including her request for injunctive relief for lack of standing.

**ARGUMENT**

**I.  Plaintiff's California Statutory Claims Fail (Count 1-3)**

Under the UCL, CLRA, and FAL, courts apply the "reasonable consumer" standard to determine whether a representation is false or misleading. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  The fundamental flaw in Plaintiff's position is that she has not alleged a falsity in the packaging. Plaintiff contends that Defendants misled consumers by selling cutlery that cannot be cleaned on the bottom rack of a dishwasher.  *See* Ex. 1 to MTD ¶*3; id.* at ¶4.  But Defendants never represented that the cutlery was dishwasher safe on the bottom rack.  In fact, Defendants made the opposite representation: "DISHWASHER SAFE IF CLEANED ON THE TOP RACK." *Id.* at ¶ 28.  Plaintiff does not dispute that this is a true statement, i.e., she does not allege that the cutlery is *not* dishwasher safe if cleaned on the top rack.  Therefore, it is not a misrepresentation that the cutlery is "dishwasher safe." It is a true statement.

In an attempt to overcome this fatal factual flaw, Plaintiff relies heavily on *Williams,* but this reliance is misplaced.  As explained in the preceding paragraph, the product packaging does not contain a misrepresentation or affirmative statement that the cutlery is dishwasher safe if cleaned on the bottom rack.  In the absence of any misrepresentation or affirmative statement that the cutlery is dishwasher safe if cleaned on the bottom rack, *Williams* does not apply.  *See Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) (holding that *Williams* has no application where there is no misrepresentation or affirmative statement.).  Instead, the controlling law is *McGinity v. Procter & Gamble Co.,* 69 F.4th 1093, 1097 (9th Cir. 2023).

*McGinity* clarifies that cases such as *Williams* should not be interpreted as a license for plaintiffs to look exclusively at the front label and entirely disregard the other portions of the packing.  *McGinity,*

which was decided 15 years after *Williams*, holds that "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *Id.* at 1098 (cleaned up). Here, Plaintiff's complaint fails to satisfy the "unambiguously deceptive" threshold such that Defendants should be precluded from referring to the entire packaging, which when read as a whole, clearly defeats Plaintiff's claims. Defendants have never advertised the cutlery as bottom rack safe (and there are no allegations by Plaintiff that Defendants did). To the contrary, Defendants stated on the front label that the cutlery is "dishwasher safe" and on the bottom label that the cutlery is "dishwasher safe if cleaned on the top rack." Both front and bottom label statements are consistent with one another.[2]

This is not a case where the front label says one thing and the bottom label says something different. At most, there is an ambiguity, and really, there is not even that. The "dishwasher safe" descriptor is plainly correct.[3] Plaintiff incorrectly tries to suggest that Defendants must prove an "ambiguity" by some sort of extrinsic evidence, such as a consumer survey. *See* Plaintiff's Opposition Brief at 5 ("Here, however, there is no consumer survey revealing that the phrases 'DISHWASHER SAFE' and 'HEAVY DUTY' are ambiguous."). Whether or not Defendants have commissioned a consumer survey, it is of no consequence because even the *McGinity* court found it inconsequential in

---

[2] Nor is this a case where a manufacturer is expecting a consumer to resort to "fine print" to clarify an earlier statement. Plaintiff repeatedly resorts to the "fine print" argument (R. 26 at 2, 3, 4, 5, 6, 10, 11), even going so far (at 2) as to argue that the "DISHWASHER SAFE IF CLEANED ON THE TOP RACK" language is in "fine print hidden on the bottom of the product," and including the same picture as contained in her pleading, which shows that the TOP RACK language is in all capital letters, is not "hidden" by any stretch of the imagination, and is in a type face and size either identical to or nearly identical to the "DISHWASHER SAFE" language.

[3] If a dress shirt's package is labeled "machine washable," and the shirt's internal care tag says it should be washed on the delicate cycle in cold water, with dark colors washed separately from light colors, this does not mean that "machine washable" was misleading or even ambiguous. "Machine washable"—just like "dishwasher safe"—is a plain and clear statement of fact. The detailed care instructions do not somehow render it misleading or ambiguous.

deciding the case: "McGinity relies heavily on the results of the consumer survey that his counsel had commissioned from a third party. Although we accept the allegations concerning the survey as true at this stage of litigation, the survey is not particularly instructive or helpful to us in deciding this case." *McGinity,* 69 F.4th 1093, 1099. Courts identify ambiguities every day, and like in *McGinity,* any potential ambiguity here can and should be resolved by referencing and reviewing the actual language of the packaging. *Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 831 (N.D. Ill. 2021) ("Where the packaging of a product is alleged to have misled consumers, the primary evidence in evaluating the reasonable consumer test is the packaging of the product.").

As for the CLRA notice requirement, Plaintiff appears to concede that she failed to provide the mandatory notice. She relies on *Morgan v. AT&T Wireless Servs.*, 177 Cal. App. 4th 1235, 1261 (2009) for the proposition that dismissal should be without prejudice. But even after *Morgan,* courts have routinely dismissed CLRA claims, including without leave to amend, where the plaintiff did not strictly comply with the statutory notice requirements. *See, e.g., Fish v. Aviation*, 2019 WL 690286, at *6 (N.D. Cal. Feb. 19, 2019) (dismissing CLRA claim for damages without leave to amend where plaintiff failed to provide requisite notice); *Patton v. Forest Labs., LLC*, 2018 WL 5270476, at *21 (C.D. Cal. May 10, 2018) (same); *see also Strumlauf v. Starbucks Corp.*, 2018 WL 306715, at *9 n.18 (N.D. Cal. Jan. 5, 2018) (granting motion for summary judgment on CLRA claim where plaintiff failed to provide notice).

For all these reasons, Plaintiff's claims under California's CLRA, FLA, and UCL should be dismissed. It is simply not plausible, under the allegations in the complaint, that a significant portion of reasonable consumers would be deceived.

## II. The Remainder of Plaintiff's Claims Fail (Counts 4-8)

Similar to the CLRA, FLA, and UCL, the remainder of Plaintiff's claims primarily fail because Defendants did not make a misrepresentation on the packaging. Several of the claims also fail for independent reasons discussed in more detail below.

**A. Defendants Did Not Make a Misrepresentation.**

Plaintiff's claims for implied warranty of merchantability, common law fraud, unjust enrichment, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and intentional misrepresentation all require a misrepresentation by the defendant. *See generally* MTD at 7 − 14; *see also Prescott v. Saraya USA, Inc.*, No. 23-CV-00017-AJB-MMP, 2023 WL 6120610, at *4 (S.D. Cal. Sept. 18, 2023) ("[B]ecause Plaintiffs' claims of common law fraud, intentional misrepresentation, [and] negligent misrepresentation ... are based on the same deficient allegations of deception as those analyzed above, the Court GRANTS Defendant's motion to dismiss them on the same basis."); *see also Walcoff v. Innofoods USA, Inc.*, No. 22-CV-1485-MMA (AHG), 2023 WL 3262940, at *9 & n.12 (S.D. Cal. May 4, 2023) (dismissing unjust enrichment claim that was based on the plaintiff's defective consumer protection claims).

As discussed above, "dishwasher safe," the actual wording on the front label, is an accurate statement and not a misdescription about the quality or characteristics of the cutlery. Plaintiff may be disappointed that the cutlery is not (according to her) dishwasher safe when cleaned on the bottom rack. But her disappointment does not correlate with what was advertised on the packaging. The packaging does not say that the cutlery is dishwasher safe if cleaned on the bottom rack, and in fact, the packaging affirmatively represented that the flatware was "dishwasher safe if cleaned on the top rack." In sum, Plaintiff cannot claim to be deceived by a statement that was never made. For these reasons, Plaintiff's Counts 4 − 8 should be dismissed.

**B. The Economic Loss Rule Bars the Negligent Misrepresentation Claim.**

With regard to the economic loss rule, Plaintiff acknowledges that *Schippell v. Johnson & Johnson Consumer Inc.*, No. EDCV23410, 2023 WL 6178485, at *14 (C.D. Cal. Aug. 7, 2023) and *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (2022), reh'g denied (June 1, 2022) are recent cases that support the

principle that a claim for negligent misrepresentation involving no physical harm is barred by the economic loss rule. As the ultimate arbiter of California law, the Supreme Court of California in *Sheen* provided the most persuasive decision on this point. This case involves a pure economic loss with no physical harm – this is not in dispute. The *Schippell* court correctly took into account and afforded proper weight to the California Supreme Court's decision in *Sheen*. Plaintiff's negligent misrepresentation claim is barred.

### C. Plaintiff's Claims Based on Fraudulent Conduct Are Not Pled with Particularity.

It is worth highlighting that even though Plaintiff's Opposition Brief attempts to clarify the who, what, where, when of her fraud claim, it fails to allege that she did not see or was not aware of the "top rack" language at the time she purchased the product. This omission is critical. *In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1006-07 (S.D. Cal. 2011) (dismissing UCL and CLRA claims under Rule 9 because "[t]he FAC does not specify which of the advertising claims each Plaintiff saw or read"). Plaintiff was also required to specify when she allegedly saw which advertisements. *Id.* ("No facts are alleged as to the timing of the purchase in relation to the Plaintiff's exposure to the advertising claims or as to Plaintiff's reliance on the advertising claims."). Given her complaint, Ex. 1 to MTD ¶ 28, Plaintiff clearly saw the advertising language (but she does not say when). If she saw it before she purchased the product or before placing it in the dishwasher, she cannot claim to be injured due to her reliance on the front label representation. Plaintiff's burden is to plead with particularity, and she has failed to do so.

## III. Plaintiff Lacks Article III Standing to Seek Injunctive Relief

Plaintiff tries to paint *Palmer v. Procter & Gamble Co.,* No. 22C5036, 2023 WL 5852252 *3 (N.D. Ill. Sept. 11, 2023) as being at odds with Seventh Circuit authority, but it is not. Several other Seventh Circuit cases align with *Palmer. See e.g.*, *Daly v. FitLife Brands, Inc.*, No. 22C762, 2023 WL 6388112 *4 (N.D. Ill. Sept. 29, 2023); *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 857 (N.D. Ill. 2021); *Daly*

*v. Glanbia Performance Nutrition*, No. 23C933, 2023 WL 5647232 *5 (N.D. Ill. Aug. 31, 2023). In *Palmer*, the plaintiff alleged that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition." No. 22C5036, 2023 WL 5852252 *3. The *Palmer* court found that such an allegation "is simply too hypothetical to confer standing to pursue injunctive relief. . ." *Id.*

Here, Plaintiff's risk of future harm is even more dubious than in *Palmer* because she does not even allege that she would definitively be a future customer if the alleged deception is corrected; she merely alleges that she "would likely" purchase the product in the future (but based on her allegations, she may also not purchase it even if the alleged deception is corrected). *See In re Herbal Supplements Mktg. & Sales Practices Litig.,* No. 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) ("[M]ost courts … have ruled that a plaintiff who is a former customer who provides no concrete basis to conclude that he or she will purchase the product at issue in the future … lacks standing to pursue injunctive relief on behalf of a consumer class because the plaintiff is unlikely to suffer future harm." (*quoting* 1 McLaughlin on Class Actions § 4.28 (13th ed. 2016))). In addition, Plaintiff further alleges that she is "currently prevented" from purchasing the Defendants' product, thereby admitting she is not a customer any longer. *See* Ex. 1 to MTD ¶12. By her own admission, she is not a current customer because she is aware of the alleged misrepresentation, a separate but related reason Plaintiff does not have standing to pursue injunctive relief. *Daly v. Glanbia Performance Nutrition,* No. 23C933, 2023 WL 5647232 *5 (N.D. Ill. Aug. 31, 2023) (court dismissed claims for injunctive relief for lack of standing, reasoning that "[c]onsumers cannot seek injunctive relief if they know of an alleged deceptive practice because they are unlikely to incur future harm once they become aware of the fraud"). Because she is not a current customer or at risk of purchasing the cutlery, she faces no real or immediate threat. Plaintiff does not have standing to pursue the injunctive relief claim.

## CONCLUSION

For all of these reasons, plaintiff's Complaint should be dismissed with prejudice in its entirety.

Dated: April 19, 2024

Respectfully submitted,

WALGREEN CO, SUMTER EASY HOME LLC, AND NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD.

/s/ Matthew D. Tanner
One of their attorneys

Todd P. Lewis
Jorge J. Rodriguez
Conner & Winters LLP
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
Email: tlewis@cwlaw.com

Peter S. Roeser
Matthew D. Tanner
Roeser Tanner & Graham LLC
2 North Riverside Plaza, Suite 1850
Chicago, IL 60606
Telephone: (312) 621-0303
Email: proeser@rtglaw.com

-8-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2024, a copy of this pleading was served upon all counsel of record via the Court's electronic docketing system.

/s/ Matthew D. Tanner