**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRIDGET SIMPSON, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>WALGREEN CO.;<br>SUMTER EASY HOME LLC;<br>NINGBO (USA) HOME-LINK PLASTIC<br>PRODUCT MFG., LTD.,<br><br>  Defendants. | Case No. 1:23-cv-16465<br><br>Judge Valderrama |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION TO STRIKE NATIONWIDE CLASS ALLEGATIONS**

Respectfully submitted,

**WALGREEN CO., SUMTER EASY HOME
LLC, AND NINGBO (USA) HOME-LINK
PLASTIC PRODUCT MFG., LTD.**

/s/ *Matthew D. Tanner*
One of their attorneys

**ROESER TANNER & GRAHAM LLC**
 Peter S. Roeser | Matthew D. Tanner
2 North Riverside Plaza, Suite 1850
Chicago, IL 60606
(312) 621-0303 | proeser@rtglaw.com

**CONNER & WINTERS LLP**
 Todd P. Lewis | Jorge J. Rodriguez
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
(479) 582-5711 | tlewis@cwlaw.com

**Table of Contents**

I. It is Undisputed that This Court Has Discretion to Grant the Motion to Strike. ........................................................................................ 1

II. Plaintiff Has Not Identified a Single Issue as to Which Discovery Could Impact the Outcome of Defendants' Motion to Strike. .............................. 2

III. It is Undisputed that All of Plaintiff's Putative "Nationwide" Claims Are Governed by the Substantive Law of the Place of Purchase. ....................... 3

IV. Plaintiff Has Not Rebutted Defendants' Substantial Authority Demonstrating the Material Differences Among the Laws of Various States on Her Common-Law Counts. ................................................................. 4

V. Conclusion ...................................................................................... 6

### I. It is Undisputed that This Court Has Discretion to Grant the Motion to Strike.

Both sides agree that in appropriate circumstances, it is proper for the court to strike class allegations "to conserve court and party resources and where the pleadings make clear that the suit cannot satisfy Rule 23." Pl. Rpy., R. 27 at 2, *quoting Fairley v. McDonald's Corp.*, No. 20C02273, 2021 WL 3054804 (N.D. Ill. July 20, 2021) (Valderrama, J.); cf. Mo. to Strike, R. 16 at 5-6 (motion to strike class allegations can be appropriate device to determine if case will proceed as class action, and court "need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving class determination"), *quoting Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). As Plaintiff recognizes, R. 27 at 3, courts have "considerable discretion" to do so. *America's Health & Resource Center Ltd. v. Alcon Laboratories, Inc.,* 16C4539, 2018 WL 11189391 *4 (June 15, 2018)

This Court should exercise its discretion to strike Plaintiff's nationwide class allegations. Doing so will conserve party (and Court) resources by preventing lengthy and costly discovery related to nationwide class allegations that are ultimately subject to dismissal. Because Plaintiffs have not identified any discovery necessary for this Court to decide whether a nationwide class is certifiable under Rule 23, the Court should consider the issue now and strike

-1-

the nationwide class allegations.[1]

## II. Plaintiff Has Not Identified a Single Issue as to Which Discovery Could Impact the Outcome of Defendants' Motion to Strike.

Plaintiff's opposition to the motion references "discovery" 19 times. But not once does Plaintiff indicate, even in the most general terms, what discovery she thinks she needs to make the case for a nationwide class. Plaintiff's opposition claims, for example, that "the issues raised in Defendants' Motion require resolution of factual inquiries . . . ." R. 27 at 3.  But Plaintiff does not identify the factual inquires that allegedly require resolution.

Defendants' argument for the inappropriateness of a nationwide class is straightforward: each of the common law claims plaintiff wishes to pursue on a class basis is one as to which the laws of the different jurisdictions vary so widely that class adjudication is impracticable. R. 16 at 8, quoting *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1015 (7th Cir. 2002) ("unless all litigants are governed by the same legal rules . . . the class cannot satisfy the commonality and superiority requirements of Fed. R. Civ. P. 23(a), (b)(3)"); *id.* (where "claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable").

---

[1] Defendants have moved to strike only the allegations regarding a nationwide class, and do not contend that plaintiff's pleading of California classes (for the California statutory causes of action) is inappropriate on the face of the pleadings. This of course means that *some* discovery will be required regardless of the outcome of this motion. But the depth and breadth of discovery will be significantly simpler, less time-consuming, less expensive and less demanding of the Court's resources if the nationwide class allegations are stricken.

It is difficult even to imagine what discovery would be relevant to the inquiry, and plaintiff has not identified any. *See Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming striking of class allegations where purported class members' claims "are governed by different States' laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that generally will preclude class certification").

Defendants relied on both *Bridgestone/Firestone* and *Pilgrim* in their motion to strike. R. 16 at 3, 6, 8. Yet Plaintiff's opposition makes no mention of either case. *Bridgestone/Firestone* remains the law of this Circuit. *See In re Aqua Dots Product Liability Litigation,* 654 F.3d 748, 752 (7th Cir. 2011) ("We held in [*Bridgestone/Firestone*] that a nationwide consumer class was not manageable, *and thus could not be certified,* when it would depend on multiple states' laws") (emphasis added).

### III. It is Undisputed that All of Plaintiff's Putative "Nationwide" Claims Are Governed by the Substantive Law of the Place of Purchase.

Plaintiff does not dispute that this Court must apply Illinois' choice of law rules, nor does Plaintiff dispute that, as a result, the location of each purchase of the plastic tableware at issue supplies the substantive law. R. 16 at 7-8 (not discussed or disputed by plaintiff).

### IV. Plaintiff Has Not Rebutted Defendants' Substantial Authority Demonstrating the Material Differences Among the Laws of Various States on Her Common-Law Counts.

Defendants' motion to strike is based on the impracticability of nationwide class adjudication where the claims would be governed by the significantly varying laws of dozens of different jurisdictions, and yet most of the cases cited by plaintiff in opposing the motion do *not* involve such claims.

*Boatwright v. Walgreen Co.,* 10C3902, 2011 WL 843898 (N.D. Ill. March 4, 2011), upon which plaintiff repeatedly relies (R. 27 at 2, 4), involved a single claim under 42 U.S.C. § 1981, and thus no choice of law issues. *Fairley,* discussed above and cited repeatedly by plaintiff (R. 27 at 2, 3, 4), sought relief under Title VII and a Florida civil rights act; again, no choice of law issues were presented. Indeed, most of the cases cited by plaintiff were evaluated on issues other than that those presented here—the need to apply differing substantive laws with differing elements and differing evidentiary standards from different states.[2]

By contrast, Defendants' motion to strike provided detailed information on

---

[2] *See Sullivan v. All Web Leads, Inc.,* No. 17C1307, 2017 WL 2378079 (N.D. Ill. 2017) (cited by plaintiff at 3, sought relief under the federal Telephone Consumer Protection Act); *Murdock-Alexander v. Tempsnow Emp.,* No. 16C5182, 2016 WL 6833961 (N.D. Ill. Nov. 21, 2016) (cited by plaintiff at 3, 4, sought relief under Title VII and § 1981); *Shirley v. Staffing Network Holdings, LLC,* 2016 WL 6599951 (N.D. Ill. Nov. 8, 2016) (cited by plaintiff at 4, sought relief under Title VII and § 1981); *DeFalco v. Vibram USA, Inc.,* 12C7238, 2013 WL 1122825 (N.D. Ill. March 18, 2013) (cited by plaintiff at 5, Illinois law only); *Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365 (N.D. Cal. 2010) (cited by plaintiff at 7, claims brought solely under California law); *Greene v. Sears Prot. Co.,* No. 15C2546, 2018 WL 3104300 (N.D. Ill. June 25, 2018) (cited by plaintiff at 10, no indication of differing laws); *Westways World Travel, Inc. v. AMR Corp.,* 218 F.R.D. 223 (C.D. Cal. 2003) (cited by plaintiff at 10; no discussion of differing laws).

why the laws of the several states are so materially different that nationwide class adjudication is impracticable. R. 16 at 8-13.

"[W]hen a defendant offers an undisputed in-depth analysis of the many ways in which the laws of the states that comprise the proposed classes conflict, courts may strike nationwide class allegations. The Seventh Circuit has warned that courts face difficulty in simultaneously applying various states' substantive laws in class actions and reasoned that when 'claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable.' *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002)." *Daly v. Glanbia Performance Nutrition, Inc.*, No. 23 C 933, 2023 WL 5647232, at *4 (N.D. Ill. Aug. 31, 2023) (cleaned up).

For common law fraud (Count 5), Defendants cited seven different authorities (most from within this Circuit) *both* for the proposition that common law fraud claims differ so much from state to state that they are not amenable to nationwide class resolution, *and* to demonstrate what those differences are and why they are material. R. 16 at 8-9. For unjust enrichment (Count 6), Defendants cited 12 such authorities. *Id.* at 10-11. And for negligent misrepresentation (Count 8), Defendants cited five such authorities. *Id.* at 12-13.[3]

---

[3] As to Count 7, which plaintiff pleads as "intentional misrepresentation," defendants simply pointed out, citing authorities from multiple jurisdictions, that it is the same thing as common law fraud. R. 16 at 12. In response, plaintiff does not dispute or otherwise address defendants' contention that there is no tort of intentional misrepresentation distinct from

Faced with detailed descriptions of these multiple authorities, Plaintiff basically ignores them. The only one its opposition references is *Glanbia, supra,* which Plaintiff describes as "striking nationwide class allegations where it was impossible to certify the classes because the statutory consumer claim and the common law fraud claim could not survive as a matter of law." R. 27 at 7.

Plaintiff's description of *why* the *Glanbia* court struck the nationwide class claims is inaccurate. The court did not strike the class allegations because the *claims* could not survive as a matter of law. Instead, the court struck those allegations because the defendant "detailed several material differences among various states' common-law fraud and unjust enrichment laws," and the court "agrees . . . and concludes that a nationwide class for Daly's common-law claims would be unmanageable." *Glanbia* *4.

Defendants' motion to strike established that the same is true here, and plaintiff has not cited any authority to the contrary.[4]

## V. Conclusion

For all these reasons, each of the causes of action that Plaintiff purports to

---

common law fraud. R. 27 at 10.

[4] Plaintiff cites *Flaherty v. Clinique Labs, LLC,* No. 21C3447, 2021 WL 5299773 (N.D. Ill. Nov. 15, 2021), as a case where the defendant failed to explain why "high-level differences that it identified are material enough to defeat certification at the pleading stage." R. 27 at 9. This ignores the fact that the defendants here have not attempted to rely on "high-level" differences that may not be material. *Flaherty* recognized that courts will strike nationwide class allegations "where the moving party explains in detail why the variation in state law would make a nationwide class impracticable." *Id.* *7, citing with approval *Cowen v. Lenny & Larry's, Inc.,* No. 17C1530, 2017 WL 4572201 at *3-5 ("striking nationwide class claims where 'defendant used five pages of its motion . . . to demonstrate "specific impediments" to class certification in the way of conflicting state laws'"). These moving parties have done exactly that.

bring on behalf of a nationwide class of consumers is facially impracticable, as a matter of law, for nationwide class resolution. Accordingly, Defendants respectfully ask this Court to strike the Complaint's Nationwide Class allegations.

Dated:      April 19, 2024

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 19, 2024, a copy of this pleading was served upon all counsel of record via the Court's electronic docketing system.

/s/ Matthew D. Tanner