**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIDGET SIMPSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-16465 |
| v. | ) ) | **Judge Franklin U. Valderrama** |
| WALGREEN CO.; SUMTER EASY HOME LLC and NINGBO (USA) HOME-LINK PLASTIC PRODUCT MFG., LTD., | ) ) ) ) ) | **Magistrate Judge Albert Berry III** |
| Defendants. | ) ) ) | |

**JOINT UPDATED STATUS REPORT**

Plaintiff Bridget Simpson ("Plaintiff"), and Defendants Walgreens Co., Sumter Easy Home, LLC and Ningbo (USA) Home-Link Plastic Product Mfg., Ltd. ("Defendants") by and through their respective counsel of record in this matter, state the following as their Joint Updated Status Report pursuant the Court Order dated March 11, 2026 and Federal Rule of Civil Procedure 26(f). (ECF No. 40).

1

1. **Description of Claims and Relief Sought.**

Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendants regarding their sale of their Complete Home Heavy Duty Cutlery (the "Class Products"). The products at issue state on the front consumer facing panels of their labels that they are "DISHWASHER SAFE" and "HEAVY DUTY" products. Plaintiff alleges that because the products are not dishwasher safe, the "DISHWASHER SAFE" and "HEAVY DUTY" labeling is false and misleading.

Defendants dispute these allegations. Defendants contend that the packaging for this inexpensive plastic flatware is not misleading. The packaging clearly states in all capital letters: "DISHWASHER SAFE IF CLEANED ON THE TOP RACK." Defendants contend that Plaintiff easily could have read this statement prior to using this flatware. The packaging does not state that the product can be washed on the bottom rack of a dishwasher. Finally, Defendants deny that Plaintiff has been damaged.

Plaintiff asserts claims on behalf of herself, a nationwide class of persons who purchased a Class Product and a California subclass of persons who purchased a Class Product for (1) violation of California's False Advertising Law; (2) violation of California's Unfair Competition Law; (3) Common Law Fraud; (4) Quasi Contract/Unjust Enrichment/Restitution; (5) Intentional Misrepresentation; and (6) Negligent Misrepresentation. Defendants deny liability on these claims and further deny that any class should be certified.

2. **Referral Cases.**

Pursuant to Local Rule 72.1, this case was referred to your calendar for the purpose of holding proceedings related to: discovery supervision (including setting all deadlines, resolution of any discovery motion, and resolution of any motion to stay discovery) and settlement matters.

3. **Discovery Schedule.**

    a.    The deadline for Fed. R. Civ. P. 26(a)(1) disclosures. **April 20, 2026.**

    b.    A date to issue written discovery requests. **May 6, 2026**.

    c.    A fact discovery completion date. For claims involving medical conditions, fact discovery ordinarily includes treating physician depositions. The parties shall indicate whether the proposed date includes treating physician depositions. The parties need not include expert discovery dates. The Court will set expert discovery deadlines at the conclusion of fact discovery. **January 11, 2027.**

Given that this case is a putative class action matter, the parties also met and conferred and agree that the parties shall submit a proposed schedule for class certification and related deadlines on, or before June 15, 2026.

4. **Consideration of Issues Concerning Electronically Stored Information ("ESI"):**

    a.    The parties are in the process of negotiating an ESI protocol which they will submit to the Court for approval.

    b.    The parties are familiar with the Principles of the Seventh Circuit Electronic Discovery Pilot Program.

5. **Settlement:**

    a.    The parties engaged in written settlement communications in 2023 and again in September 2025.

    b.    The parties believe that a settlement conference would not be productive at this time as Defendant requires additional time to consider settlement.

6. **Magistrate Judge Consent:**

    a.    Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of

final judgment. The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes at this time.

**7.** **Pending Motions:**

a. No motions are currently pending

**8.** **Other Matters:**

None at this time.

Dated: March 24, 2026

Respectfully submitted,
**FARUQI & FARUQI, LLP**

By: _Timothy J. Peter_

Timothy J. Peter*
1617 JFK Boulevard, Suite 1550
Philadelphia, Pennsylvania 19103
Telephone: (267) 536-2145
Facsimile: (215) 277-5771

*Generally Admitted*

*Attorney for Plaintiff*

Dated: March 24, 2026

**CONNER & WINTERS LLP**

By: _/s/ Todd P. Lewis_

Todd P. Lewis
Arkansas. Bar No. 96226
4375 N. Vantage Dr., Ste. 405
Fayetteville, AR 72703
(479) 582-5711 | tlewis@cwlaw.com

*Attorneys for Defendants*